In The Interest of S.S., a Child.

No. 11–05–00342–CV.

Court of Appeals of Texas, Eastland.

Feb. 8, 2007.

John R. Saringer, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Eastland, Lisa Marie Chavez, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, L.L.P., Abilene, Abilene, for appellant.

Sammy M. McCrary, Asst. Dist. Atty's Office, Lamesa, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Ricky and Rita Smith divorced on April 30, 2003. On September 11, 2003, Rita filed an application for a protective order under the provisions of the Texas Family Code alleging Ricky committed family violence against her. *See* TEX. FAM.CODE ANN. §§ 71.001–87.004 (Vernon 2002 & Supp. 2006). The trial court granted the application for a protective order on October 9, 2003. Ricky appealed the trial court's order granting the protective order to this court. We affirmed the trial court's order on March 17, 2005. Rita filed a motion to modify the protective order on June 2, 2005. On July 28, 2005, the trial court entered an order modifying the protective order. Ricky appeals the trial court's order modifying the protective order. We affirm.

■ In his sole issue on appeal, Ricky argues that the trial court erred in modifying the protective order. Rita requested that the trial court modify the protective order to require Ricky to pay attorney's fees resulting from his unsuccessful appeal to this court of the trial court's order granting the protective order. After a hearing, the trial court granted the motion to modify and ordered Ricky to pay $3,525 in attorney's fees for the unsuccessful appeal.

■ Ricky first argues that the trial court could not modify the protective order without a showing of changed circumstances. Ricky contends that a protective order is a permanent injunction and that a permanent injunction requires a showing of changed circumstances for modification. However, Section 87.001 provides:

On the motion of any party, the court, after notice and hearing, may modify an existing protective order to:

(1) exclude any item included in the order; or

(2) include any item that could have been included in the order.

Section 87.001 applies specifically to protective orders and does not require a showing of changed circumstances. Section 87.001 allows a modification for any item that could have been included in the protective order. Section 81.005(a) states:

The court may assess reasonable attorney's fees against the party found to have committed family violence or a party against whom an agreed protective order is rendered under Section 85.005 as compensation for the services of a private or prosecuting attorney or an attorney employed by the Department of Protective and Regulatory Services.

Therefore, the trial court could modify the protective order to include attorney's fees without a showing of changed circumstances.

■ Ricky next argues that the doctrine of res judicata prevented the trial court from being able to modify the protective order and also that the trial court did not have the authority to modify the protective order without a mandate from this court concerning the issue of attorney's fees. Title IV of the Family Code governing family violence protective orders is a unique statutory scheme that provides spe-

cific statutory procedures. *See Martinez v. Martinez,* 52 S.W.3d 429, 432 (Tex.App.-Fort Worth 2001, pet. den'd). During the effective period of a protective order, the trial court retains the power and jurisdiction to modify the order by either deleting or adding items to the order. *Cooke v. Cooke,* 65 S.W.3d 785, 788 (Tex.App.-Dallas 2001, no pet.). Section 87.001 provides the trial court with jurisdiction and power to modify the protective order.

Finally, Ricky argues that the terms of Section 87.001 are ambiguous and that the trial court incorrectly interpreted the statute. Section 87.001 allows the trial court to modify the protective order to include any item that could have been included in the order. Ricky complains that the statute is ambiguous because it does not define "any item."

As previously stated, Title IV of the Family Code provides specific guidelines for obtaining family violence protective orders. Specifically, Sections 81.001, 81.005, 85.001, 85.021, and 85.022 set out the required findings for a protective order and the contents of a protective order. We find that the term "any item" as used in Section 87.001 is not ambiguous and that the trial court did not apply the statute incorrectly. The trial court did not err in modifying the protective order to include appellate attorney's fees. Ricky's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.