Affirmed and Memorandum Opinion filed March 17, 2009








Affirmed and Memorandum Opinion filed March 17, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00832-CV

____________

 

MICHAEL ALAN FORD, Appellant

 

V.

 

SELMA GAY HARBOUR, Appellee

 



 

On Appeal from the 311th
District Court

Harris County, Texas

Trial Court Cause No. 2007-47857

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Alan Ford, challenges a protective order
entered against him pursuant to the Texas Family Code.  See Tex. Fam.
Code Ann. ' 71.001B87.004 (Vernon
2008).  We affirm.

Factual and Procedural Background








On August 13, 2007, appellee, Selma Gay Harbour, filed an
application for a protective order in which she also requested an ex parte
temporary protective order.  On August 15, 2007, the trial court granted
appellee an ex parte protective order and set the hearing on the application
for protective order for August 27, 2007.  Appellant was served with the
temporary protective order, application for protective order, and hearing
notice.  On August 27, 2007, appellant appeared for the hearing along with
counsel.  The trial court granted appellant=s request that the
hearing be rescheduled and it was reset until August 31, 2007.  On August 31,
appellant appeared at the hearing along with his attorney.  However, appellant=s counsel filed a
motion to withdraw.  The trial court asked appellant if he objected to his
attorney withdrawing and appellant told the court he did not.  The trial court
then granted the attorney=s motion.  The trial court then proceeded
with the hearing on appellee=s request for a protective order.








Appellee was the first to testify.  Appellee testified
that, at the time of the hearing, appellant and appellee had been involved in
an on and off relationship for about six years.  According to appellee,
appellant relocated to Houston, Texas and moved into appellee=s residence. 
Appellant and appellee then resided together in an intimate relationship. 
Appellee testified that, throughout their relationship, appellant had engaged
in episodes of dating or family violence.  This conduct included sexually
assaulting appellee, wrestling appellee to the floor and stuffing a dirty sock
in her mouth, placing appellant=s pet rat on appellee=s face while she
was sleeping, which resulted in appellee receiving facial scratches, as well as
conduct damaging the walls and appliances in the residence.   According to
appellee, these episodes occurred after appellant had been drinking alcohol or
using drugs.  Appellee eventually learned to recognize when appellant=s rages were
coming and would leave the residence for a couple of nights to give appellant
time to calm down.  Appellee testified she asked appellant to leave many times,
but he always refused.  On August 7, 2007 appellee fled her residence for two
days when appellant threatened to throw a boom box radio through appellee=s car window. 
After appellee returned to her residence, on August 11, 2007, some guests found
a large rubber mallet under the cushions of the sofa where appellant was
sleeping.  The police were called and appellant then moved out of the residence
into a hotel. At the protective order hearing appellee testified she feared
appellant would engage in future violent conduct against her.

Appellee=s attorney, W. Tyler Moore, then testified
regarding his legal fees.  Mr. Moore testified he has been licensed to practice
law since 1972 and is certified as a specialist in both civil trial law and
family law by the Texas Board of Legal Specialization.  He testified he is
familiar with fees customarily charged in Harris County, Texas in similar
matters and that his hourly rate is $295 and that, in his opinion, this is a
fair rate for an attorney of his expertise and experience.  Mr. Moore then
testified his total legal fees incurred to that date were $2,500, representing
just over eight hours of work.  According to Mr. Moore, that eight hours of
work included client conferences, preparation of documents, filing the
documents with the court, and three court appearances.  Mr. Moore then
concluded by opining that the $2,500 is a reasonable and necessary fee in this
case.  Appellant did not cross-examine Mr. Moore.

Finally, appellant himself testified.  On direct, appellant
testified he has AADD@ and he did not
have access to his medication for that condition.  On cross-examination,
appellant admitted another woman had obtained a protective order against him in
Oklahoma.  During his testimony, appellant did not deny that the incidents
appellee described had occurred, nor did he offer any testimony as to his
financial ability to pay the attorney=s fees sought by
appellee.

Following the testimony by appellee, appellee=s counsel, and
appellant, the trial court granted the Final Protective Order and awarded
appellee $2,500 in attorney=s fees.  This appeal followed.

Discussion








Appellant brings four issues on appeal.  In his first
issue, appellant contends the evidence supporting the ex parte temporary
protective order is legally and factually insufficient.  In his second issue,
appellant contends the evidence supporting the final protective order is
legally and factually insufficient.  In his third issue, appellant generally
contends the trial court did not protect his fundamental rights of due
process.  Finally, in his fourth issue,  appellant challenges the legal
sufficiency of the evidence supporting the award of appellee=s attorney=s fees.  We
address appellant=s issues in order.

A.      Appellant=s first issue
challenging the sufficiency of the evidence supporting the ex parte temporary
protective order is moot.

In a recent memorandum opinion addressing this same issue,
the Austin Court of Appeals determined it did not have subject matter
jurisdiction to resolve complaints about a temporary protective order that had
been superseded by a final protective order.  Erlewine v. Erlewine, no.
03-06-00308-CV, 2007 WL 2462042 *2 (Tex. App.CAustin August 29,
2007, no pet.) (mem. op.).  The Austin Court held that because the order was
labeled temporary, was no longer in effect, and had been superceded by a final
protective order, it was moot.  Id.  We agree with the Austin Court. 
Because we do not have subject matter jurisdiction to resolve a complaint about
a superceded temporary protective order, we overrule appellant=s first issue.

B.      The
evidence supporting the final protective order is legally and factually
sufficient.

1.       The
standard of review.








When both legal and factual sufficiency challenges are
raised on appeal, we must first examine the legal sufficiency of the evidence.  City
of Houston v. Cotton, 171 S.W.3d 541, 546 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  In conducting a legal sufficiency review, we must
consider the evidence in the light most favorable to the appealed order and
indulge every reasonable inference that supports it.  City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005); Harris County v. Vernagallo,
181 S.W.3d 17, 24 (Tex. App.CHouston [14th Dist.] 2005, pet. denied); Prairie
View A & M Univ. v. Brooks, 180 S.W.3d 694, 705 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  The evidence is legally sufficient if it would enable
reasonable and fair-minded people to reach the decision under review.  Keller,
168 S.W.3d at 827; Vernagallo, 181 S.W.3d at 24; Brooks, 180
S.W.3d at 705.  This court must credit favorable evidence if a reasonable trier
of fact could, and disregard contrary evidence unless a reasonable trier of
fact could not.  Keller, 168 S.W.3d at 827; Vernagallo, 181
S.W.3d at 24; Brooks, 180 S.W.3d at 705.  The trier of fact is the sole
judge of the witnesses= credibility and the weight to be given
their testimony.  Keller, 168 S.W.3d at 819; Vernagallo, 181
S.W.3d at 24; Brooks, 180 S.W.3d at 705.

This court may sustain a legal sufficiency, or no evidence,
point only if the record reveals one of the following: (1) the complete absence
of a vital fact; (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a scintilla; or (4) the
evidence established conclusively the opposite of the vital fact.  Keller,
168 S.W.3d at 810; Brooks, 180 S.W.3d at 705.  When the evidence offered
to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, the evidence is less than a scintilla and, in legal
effect, is no evidence.  See Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
601 (Tex. 2004).

In reviewing factual sufficiency, we must examine the
entire record, considering both the evidence in favor of, and contrary to, the
challenged findings.  See Maritime Overseas Corp. v. Ellis, 971 S.W.2d
402, 406B07 (Tex. 1998); Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  We may set aside the verdict for
factual sufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  See Ellis, 971 S.W.2d at
407; Nip v. Checkpoint Systems, Inc., 154 S.W.3d 767, 769 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  However, we may not substitute our judgment for that of
the trier of fact, even if the evidence would clearly support a different
result.  Nip, 154 S.W.3d at 769.

 

 








2.       The
evidence is legally and factually sufficient.

A trial court shall render a protective order if, after a
hearing, it finds that family violence has occurred and is likely to occur in
the future.  Tex. Fam. Code Ann. '' 81.001, 85.001
(Vernon 2002).  AFamily violence@ means

an act by a member of a family or household against another member of
the family or household that is intended to result in physical harm, bodily
injury, assault, or sexual assault or that is a threat that reasonably places
the member in fear of imminent physical harm, bodily injury, assault, or sexual
assault, but does not include defensive measures to protect oneself.

Id. ' 71.004(1).  A>Household= means a unit
composed of persons living together in the same dwelling, without regard to
whether they are related to each other.@  Id. ' 71.005.  A A>dating
relationship= means a relationship between individuals who have or
have had a continuing relationship of a romantic or intimate nature.@  Id. ' 71.0021(b).  In
the Final Protective Order, the trial court found that appellant and appellee
were involved in a dating relationship.  In addition, the trial court found
that appellant and appellee had been residing together.  Finally, the trial
court found that family violence had occurred, would likely occur in the
future, and that appellant had committed family violence.

Viewing the evidence in the light most favorable to the
trial court=s order, we hold  appellee=s testimony,
recounted above, provided more than a scintilla of evidence to support the
trial court=s findings and imposition of a protective order.  Dempsey
v. Dempsey, 227 S.W.3d 771, 777 (Tex. App.CEl Paso 2005, no
pet.).  Therefore, the evidence is legally sufficient.








We turn next to appellant=s factual
sufficiency challenge.  As already mentioned, appellee was the sole witness
testifying in support of her application.  In addition, while appellant
testified during the hearing, he did not offer any testimony controverting
appellee=s version of the
events.  As the sole judge of the credibility of the witnesses, the trial court
was free to accept or reject appellee=s uncontroverted
testimony.  Dempsey, 227 S.W.3d at 777.  Because the evidence is not too
weak to support the trial court=s findings regarding family violence nor
are the findings so against the overwhelming weight of the evidence as to be
clearly wrong or manifestly unjust, we hold the evidence is factually
sufficient.  We overrule appellant=s second issue.

C.      Appellant=s due process
rights were not violated.

In his third issue, appellant, without specifying a
specific right, asserts his due process rights were violated.  Liberally
construing his brief as we must, we conclude appellant=s third issue
contends his due process rights were violated in two ways: (1) when the trial
court allegedly refused to grant appellant a continuance in order to obtain
replacement counsel; and (2) when the trial court allegedly deprived appellant
of the opportunity to present evidence.

1.       The trial
court did not violate appellant=s due process
rights when it proceeded to hold the protective order hearing following the
withdrawal of appellant=s counsel.

In his brief, appellant admits he was served on August 17,
2007 with the Temporary Ex Parte Protective Order, Application for Protective
Order, and a notice to appear for the protective order hearing scheduled for
August 27, 2007.  In response to that notice, appellant appeared with counsel
at the August 27, 2007 hearing and requested a continuance of the hearing,
which the trial court granted.  The trial court continued the  hearing until
August 31, 2007.   Appellant, along with his attorney, appeared again on August
31, 2007.  At that point, appellant=s attorney filed a
motion to withdraw as appellant=s counsel.  The trial court asked
appellant if he objected to his attorney withdrawing and appellant informed the
trial court he did not.  The trial court then granted the attorney=s motion to
withdraw.  The trial court then proceeded with the protective order hearing and
appellant did not object to the hearing taking place.  During the hearing,
appellant made rambling comments that he wanted to obtain counsel for the
hearing.








Assuming without deciding appellant made a proper request
for a continuance in order to obtain replacement counsel, and the trial court
erred by not granting appellant=s request, appellant, in his brief to this
court, has not shown how such a failure by the trial court resulted in the
rendition of an improper judgment in the case.  Tex. R. App. P. 44.1(a); see
In re A.R., 236 S.W.3d 460, 476 (Tex. App.CDallas 2007, orig.
proceeding) (stating, in a child custody modification case, to succeed on
appeal an appellant must show how the failure to grant a continuance for
additional time to retain counsel probably caused the rendition of an improper
judgment).  Therefore, we overrule the first part of appellant=s third issue.

2.       The trial
court did not deprive appellant of the opportunity to present evidence.

Appellant next complains the trial court denied him the
opportunity to present evidence.  We disagree.

General principles of due process dictate that a litigant
has a right to be heard and that a court must protect that right.  Streidel
v. Streidel, 15 S.W.3d 163, 166 (Tex. App.CCorpus Christi
2000, no pet.).  The opportunity to be heard and present evidence must
generally amount to more than a cursory opportunity to cross-examine the other
party=s witnesses.  Id. 
However, that right is not unlimited as a trial court has the discretion to
impose reasonable limits on cross-examination based upon concerns about
harassment, prejudice, confusion of the issues, and marginally relevant
interrogation.  Mercer v. State, 13-07-00412-CV, 2008 WL 2930290 *3
(Tex. App.CCorpus Christi July 31, 2008, no pet.) (mem. op.).








In a hearing on a family violence protective order the only
relevant issues are whether family violence has occurred and whether it is
likely to occur in the future.  Id. (citing Tex. Fam. Code Ann. ' 85.001).  Because
a trial court has the discretion to limit irrelevant questions on
cross-examination, it logically follows that a trial court in a family violence
protective order hearing may limit cross-examination if the questions asked are
not relevant to whether family violence has occurred in the past or is likely
to occur in the future.  Id.  In this case, appellant had the opportunity
to confront and cross-examine appellee, the applicant for protective order,
regarding the alleged family violence as well as appellee=s veracity.  While
the trial court did limit appellant=s
cross-examination regarding threats allegedly made against him by acquaintances
of appellee, because the questions had nothing to do with whether family
violence had occurred in the past or is likely to occur in the future, this
action was within the trial court=s discretion to
limit irrelevant questions on cross-examination.  Id.

Appellant also contends the trial court violated his due
process rights because he claims he was unable to fully question appellee
regarding her history of allegedly making false accusations against him. 
According to appellant, appellee had denied appellant access to documents
relevant to this claim.  However, through appellant=s cross-examination
of  appellee, the trial court learned that while appellee had placed appellant=s property left at
her residence in a storage facility, she had paid the first month=s rent, and gave
appellant the key with the responsibility to continue paying the rent.  This
testimony by appellee demonstrates that not only did appellant have the
opportunity to question appellee about the supposedly hidden documents, but it
also established that appellant, not appellee, had control over the allegedly
missing documents.  Appellant also had the opportunity to ask appellee if she
had ever made false accusations of family violence against him.  Appellee
denied that she had ever made false accusations against appellant. 

During the protective order hearing, appellant had the
opportunity to cross-examine appellee=s counsel on the
issue of attorney=s fees, but declined the opportunity. 
Finally, appellant testified on his own behalf.  We hold appellant had a
constitutionally adequate opportunity to confront and cross-examine appellee
and to present evidence and therefore the trial court did not violate his due
process right to be heard.  See Streidel, 15 S.W.3d at 166
(holding the trial court violated the respondent=s due process
rights when it completely denied him the opportunity to present any evidence
during the protective order hearing).

Because we have determined both arguments made by appellant
under his third issue are without merit, we overrule his third issue.








D.      The
evidence supporting the trial court=s award of
attorney=s fees is legally sufficient.

In his final issue, appellant, citing section 81.005(b) of
the Texas Family Code,[1]
contends the trial court had to consider his ability to pay the assessed
attorney=s fees and  there
was no evidence in the record appellant had the ability to pay the assessed
attorney=s fees.  Appellant
also argues that since the Family Code provides that the county attorney or
district attorney is responsible for filing applications for protective orders,
the award of attorney=s fees must be reversed because there was
no evidence on the necessity of the services.[2]

While it is true section 81.007(a) of the Texas Family Code
provides that the county attorney or the criminal district attorney is the
prosecuting attorney responsible for filing applications for a protective
order, sections 81.005(a) and 81.006(1) both authorize the award and payment of
attorney=s fees to a
privately employed attorney.  Tex. Fam. Code Ann. '' 81.005(a) &
81.006(1).  Therefore, we hold the Family Code, while authorizing a county
attorney or criminal district attorney to file an application for protective
order, it also permits an applicant to retain a private attorney if they choose
and the applicant may then seek the assessment of reasonable attorney=s fees against the
respondent.  Id., see In re S. S., 217 S.W.3d 685, 686 (Tex. App.CEastland 2007, no
pet.).








Appellant also contends the evidence is legally
insufficient to support the award of attorney=s fees because
there was Ano evidence that [appellant] had any income or ability
to pay the fee that was assessed as is required by the code.@  While it is true
there is no evidence to be found in the record as to appellant=s ability to pay
the assessed attorney=s fees, we disagree this makes the
evidence supporting the award legally insufficient.

Under section
81.005(a) a court may assess reasonable attorney=s fees against a
party found to have committed family violence.  Tex. Fam. Code Ann. ' 81.005(a).  In
addition, under section 81.005(b), the trial court, when determining the amount
of attorney=s fees to be assessed, is required to consider the
respondent=s ability to pay.  Id. at ' 81.005(b).  We 
believe this statutory language creates a divided burden of proof on the issue
of the amount of attorney=s fees to be assessed in a family violence
protective order case.  Appellee, as the applicant for a family violence
protective order that includes a request for attorney=s fees, had the
initial burden to ask for and then put forward competent evidence proving she
incurred reasonable attorney=s fees as a result of applying for and
prosecuting her application for a protective order.  Id. at ' 81.005(a).  
Then, pursuant to section 81.005(b), appellant had to come forward, not with
evidence contesting the amount of attorney=s fees incurred by
appellee or even denying the reasonableness of those fees, but with evidence
addressing his ability to pay the attorney=s fees sought by
appellee.  Because appellant=s burden under section 81.005(b) is not to
deny the fees incurred by appellee, but to avoid being assessed some or all of
those fees because of an independent reason, his inability to pay, we hold the
burden is in the nature of an affirmative defense.  See In re C. M., 996
S.W.2d 269, 270 (Tex. App.CHouston [1st Dist.] 1999, no
pet.)(describing an affirmative defense as a defense that seeks to establish an
independent reason that a plaintiff should not recover and is therefore a
defense of avoidance, rather than a defense of denial).  This division of the
burden of proof also makes logical sense because it imposes the burden of proof
on the party with the best access to the required information.  Therefore, we
hold appellant had the burden to come forward with evidence on that subject if
he wanted the trial court to consider his ability to pay any assessment of
attorney=s fees.








In support of the
assessment of attorney=s fees against appellant, Mr. Moore,
appellee=s attorney,
testified as detailed above regarding the amount of attorney=s fees incurred
and that, in his opinion, said amount was reasonable and necessary.  Appellant
offered no controverting evidence and did not cross-examine Mr. Moore. 
Appellant also failed to offer any evidence as to his ability to pay an
assessment of attorney=s fees.  Therefore, we hold the evidence
is legally sufficient to support the trial court=s assessment of
$2,500 in attorney=s fees against appellant.  We overrule
appellant=s fourth and final issue.

 

 

Conclusion

Having overruled
all of appellant=s issues on appeal, we affirm the final
protective order.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.









[1]  Section 81.005(b) provides: AIn setting the amount of attorney=s fees, the court shall consider the income and
ability to pay of the person against whom the fee is assessed.@  Tex. Fam. Code Ann. ' 81.005(b) (Vernon 2008).





[2]  Section 81.007(a) of the Texas Family Code provides:
AThe county attorney or the criminal district attorney
is the prosecuting attorney responsible for filing applications under this
subtitle unless the district attorney assumes the responsibility by giving
notice of that assumption to the county attorney.@  Tex. Fam. Code Ann. ' 81.007(a).