

## NUMBER 13-17-00224-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**L.S.,**                                                                              **Appellant,**

**v.**

**JAMES SHAWN III,**                                                          **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Travis County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant L.S. appeals the dissolution of the protective order against her father,

appellee James Shawn III.   We reverse and render.[1]

---

[1]   This cause is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).   Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own.   *See* TEX. R. APP. P. 41.3.

## I.    BACKGROUND

L.S. filed an application for a protective order against Shawn on January 27, 2014. At the hearing on her application, L.S. testified that Shawn sexually abused her from the age of five until she was seventeen years old.   L.S. testified that Shawn threatened "to hunt me down and kill me when I least expected it" if she told anyone about the abuse. According to L.S., Shawn made a display of killing small animals in front of her to demonstrate the violence he would inflict on her.   L.S. disclosed the abuse when she was a senior in high school.   Shawn pleaded guilty to indecency with a child and was sentenced to eight years' deferred adjudication community supervision.   *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw through 2017 1st C.S.).   As part of his community supervision, Shawn was prohibited from owning a firearm and from contacting L.S.

L.S. testified that she sought a protective order when Shawn's community supervision expired.   According to L.S., she continued to fear Shawn because of his repeated threats throughout her childhood.   She testified that other than at the hearing for the protective order, she had not seen her father since she first disclosed the abuse, and she had no desire to see him ever again.   L.S. asked the court for a lifetime protective order.

The trial court heard testimony from Shawn's current wife, his therapist, and his probation officer, who testified that Shawn had been a model probationer and husband since the abuse was revealed and that he had strictly complied with all legal requirements

placed upon him. These witnesses testified that Shawn had never expressed any hostility against L.S. and that he had not contacted her in ten years.

The trial court proposed a long-term protective order, but with a "review date" midway to determine whether the order was still necessary. Counsel for L.S. assented to the trial court's proposal for a review hearing but requested a lifetime protective order prohibiting Shawn from owning firearms. Counsel argued that such an order was justified in light of Shawn's crimes and threats towards L.S.

Counsel for Shawn asked that the protective order be limited to two years so that Shawn could resume his lifelong passion for bird hunting. Counsel argued that a two-year term was warranted because Shawn had not demonstrated any aggression toward L.S. and because he had rigorously complied with the terms of his community supervision and sex-offender registration.

After hearing argument, the trial court issued a criminal protective order pursuant to the code of criminal procedure ("the Order"). *See* TEX. CODE CRIM. PROC. ANN. art. 7A.01 *et seq.* (West, Westlaw through 2017 1st C.S.). The Order prohibited Shawn from possessing firearms or ammunition, from approaching L.S.'s residence or work address, and from communicating with her, among other directives. The Order stated that it was effective for ten years, with a review hearing to be held in three years.

Three years later, the trial court held the review hearing. Shawn moved to terminate the protective order. L.S. again testified concerning her father's sexual abuse and threats, as well as his display of ripping the head off a dove to demonstrate the violence he would inflict on her if she disclosed the abuse. She expressed skepticism

3

that Shawn had changed, as well as fear and profound discomfort at the prospect of Shawn being allowed to own firearms.

The trial court dissolved the Order. In its place, the trial court issued a trespass warning directing Shawn not to appear at L.S.'s property. The trial court also warned Shawn that any unwanted communication with L.S. could be considered harassment or possibly a terroristic threat. The court placed no limitation on Shawn's ability to possess firearms.

By three issues, L.S. appeals the dissolution of the Order.

## II. APPLICABLE LAW

The code of criminal procedure allows victims of sexual assault and other offenses[2] to obtain a protective order lasting the lifetimes of the victim and the offender, or for any shorter period determined by the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts. 7A.01(a)(1)–(2), 7A.07(a) (West, Westlaw through 2017 1st C.S.). If the court finds that "there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking," the court "shall issue a protective order . . . ." *See id.* art. 7A.03 (West, Westlaw through 2017 1st C.S.). "No additional showings beyond status as a crime victim are required to obtain the order." *R.M. v. Swearingen*, 510 S.W.3d 630, 633 (Tex. App.—El Paso 2016, no pet.). The trial court has discretion over the content of the order, which may include a prohibition on carrying a firearm. *See* TEX. CODE CRIM. PROC. ANN. art. 7A.05(a).

---

[2] Criminal protective orders are also available to victims of continuous sexual abuse of a young child, indecency with a child, aggravated sexual assault, stalking, trafficking of persons, continuous trafficking of persons, or compelling prostitution. *R.M. v. Swearingen*, 510 S.W.3d 630, 633 (Tex. App.—El Paso 2016, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 7A.01(a)(1)–(2) (West, Westlaw through 2017 1st C.S.).

### III. APPLICATION

## A. Authority to Review Order

By her first issue, L.S. argues that the trial court had no authority to review the Order. L.S. contends that when the Order was issued on February 10, 2014, it was final and appealable. L.S. asserts that the trial court's plenary power and jurisdiction to modify or dissolve the Order therefore expired thirty days after its issuance.

We agree that the Order was final and appealable. Protective orders are appealable when issued unless they are (1) rendered against a party in an ongoing suit for dissolution of a marriage, or (2) rendered against a party in an ongoing suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 81.009 (West, Westlaw through 2017 1st C.S.); *In re Keck*, 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (combined appeal & orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 7A.04. Here, because the Order was not rendered as part of an ongoing family law proceeding, it was final and appealable when issued.

Nonetheless, the trial court retained jurisdiction to modify the Order throughout its pendency. The family code provides a trial court with authority to modify an existing protective order. *See* TEX. FAM. CODE ANN. § 87.001 (West, Westlaw through 2017 1st C.S.). That modification provision is made applicable to criminal protective orders. *See* TEX. CODE CRIM. PROC. ANN. art. 7A.04. Therefore, during the effective period of a protective order, the trial court retains the power and jurisdiction to modify the order by either deleting or adding items to the order. *In re S.S.*, 217 S.W.3d 685, 687 (Tex. App.—

5

Eastland 2007, no pet.); *Cooke v. Cooke*, 65 S.W.3d 785, 788 (Tex. App.—Dallas 2001, no pet.).[3]

Thus, though the Order was final and appealable when it was rendered on February 10, 2014, the trial court nonetheless retained jurisdiction over the Order in 2017. *See In re S.S.*, 217 S.W.3d at 687.

Also within her first issue, L.S. challenges the trial court's ability to hold a "review hearing" without any party requesting such a hearing, and doing so after a final protective order had been rendered.[4]   However, in 2014, counsel for L.S. assented to the review hearing, saying, "If we want to put a review date in five years and come back and see what's going [sic], that's fine."   Thus, L.S. waived this argument.

We overrule L.S.'s first issue.

## B.   Rescission of Order

By her second issue, L.S. argues that Shawn had no statutory right to ask the trial court to rescind the Order and that the trial court erred in dissolving the Order at Shawn's behest.   She cites article 7A.07, which provides that the "following persons may file at

---

[3] Protective orders have often been compared to permanent injunctions, and this statutory authority to modify protective orders is consistent with a court's common law power to modify injunctions.   *See B.C. v. Rhodes*, 116 S.W.3d 878, 881–82 (Tex. App.—Austin 2003, no pet.); *Kelt v. Kelt*, 67 S.W.3d 364, 366 (Tex. App.—Waco 2001, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163, 164 (Tex. App.—Corpus Christi 2000, no pet.); *James v. Hubbard*, 985 S.W.2d 516, 518 (Tex. App.—San Antonio 1998, no pet.); *see also In re I.E.W.*, No. 13-09-00216-CV, 2010 WL 3418276, at *9 (Tex. App.—Corpus Christi Aug. 27, 2010, no pet.) (mem. op.).   A trial court generally retains jurisdiction to review, open, vacate, or modify a permanent injunction upon a showing of changed conditions.   *Pidgeon v. Turner*, 538 S.W.3d 73, 84 (Tex. 2017), *cert. denied*, 138 S.Ct. 505 (2017); *City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993) (per curiam).

[4] As the transfer court for this case has noted, post-order review hearings are not unprecedented in other family law settings—for instance, they are statutorily required in child placement cases.   *See Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 529–30 (Tex. App.—Austin 2011, no pet.) (citing TEX. FAM. CODE ANN. § 263.501(b) (West, Westlaw through 2017 1st C.S.)).

any time an application with the court to rescind the protective order: (1) a victim [of sexual assault or certain other offenses] who is 17 years of age or older or a parent or guardian acting on behalf of a victim who is younger than 17 years of age . . . ." TEX. CODE CRIM. PROC. ANN. art. 7A.07(b)(1). L.S. notes that "offenders" are not listed among the parties who may apply to have a protective order rescinded, and she contends that this omission was a conscious choice by the Legislature.

This issue presents a question of statutory construction that we review de novo. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). Our objective is to ascertain and give effect to the Legislature's intent as expressed in the statute's language. *Id.*

As support, L.S. relies on *R.M. v. Swearingen*, in which the court concluded that the rescindment mechanism described in article 7A.07(b) is not available to offenders. 510 S.W.3d at 633.[5] We agree with the *Swearingen* court's determination that criminal code section 7A.07 offers no aid to offenders. *Id.* at 634. That article provides that a "victim" or an underage victim's "guardian" may file an application to rescind a protective order, but it makes no mention that "offenders" may file such an application. TEX. CODE CRIM. PROC. ANN. art. 7A.07(b). We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 841 (Tex.

---

[5] There is another rescindment provision in the family code which provides offenders with a right to challenge the "continuing need" for a family protective order. *See* TEX. FAM. CODE ANN. § 85.025(b) (West, Westlaw through 2017 1st C.S.). However, by its terms, this rescindment procedure does not apply to criminal protective orders. *Id.* § 85.025(b-3).

2018).   The rescindment provision in code of criminal procedure article 7A.07 does not give offenders a right to seek rescindment of the Order.[6]

However, the trial court held its review hearing with L.S.'s assent.   Moreover, the trial court did not grant Shawn's motion to dissolve the Order; instead, the court appeared to act on its own motion in dissolving the Order and instead issuing a trespass warning.

We therefor overrule L.S.'s second issue.

## C.      Sufficiency of the Evidence

In L.S.'s third issue, she argues that the trial court erred in basing its decision on whether she had a reasonable continuing fear of Shawn, which she claims is irrelevant to her entitlement to a protective order.   L.S. contends that because Shawn introduced no evidence concerning the criteria that are actually relevant, the evidence is insufficient to support the trial court's dissolution of the Order.

We review the trial court's ruling on a protective order for sufficiency of the evidence.   *Clements v. Haskovec*, 251 S.W.3d 79, 84 (Tex. App.—Corpus Christi 2008, no pet.).   Again, under the current statute, if the court finds that "there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking," the court "*shall* issue a protective order that includes a statement of the

---

[6] The *Swearingen* court concluded that because the wording of article 7A.07 excludes offenders, an offender therefore lacks standing to challenge a criminal protective order.   *Swearingen*, 510 S.W.3d at 634.   Under Texas law, the standing inquiry consists of three elements:   (1) the plaintiff must have suffered an injury which is concrete and particular to the plaintiff, and which is actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; (3) it must be likely that the injury will be redressed by a favorable decision.   *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154–55 (Tex. 2012).   Even if an offender who moves to vacate a protective order is properly considered a "plaintiff" under the standing inquiry, there is no doubt that the offender is directly, particularly, and causally affected by a protective order restricting their actions and that dissolution of the order would certainly address their complaint.   Accordingly, we express no opinion on whether article 7A.07 affects or relates to an offender's standing, as opposed to the offender's statutory right to challenge the protective order.

8

required findings." TEX. CODE CRIM. PROC. ANN. art. 7A.03 (emphasis added). "No additional showings beyond status as a crime victim are required to obtain the order." *Swearingen*, 510 S.W.3d at 633.

L.S. points out that previous versions of the statute required applicants to demonstrate two elements before a criminal protective order would issue: that there were "reasonable grounds to believe that the applicant is (1) the victim of a sexual assault; and (2) the subject of a threat that reasonably places the applicant in fear of further harm from the alleged offender." Act of June 20, 2003, 78th Leg., R.S., ch. 836, § 1, 2003 Tex. Sess. Law Serv. Ch. 836 (Vernon); *see Garcia v. Tautenhahn*, 314 S.W.3d 541, 544–45 (Tex. App.—Corpus Christi 2010, no pet.).

However, in subsequent amendments, the Legislature removed the requirement to demonstrate a continuing threat and fear of further harm. *See* TEX. CODE CRIM. PROC. ANN. art. 7A.03. According to bill analysis, the impetus for this change was as follows:

> The requirement of a threat of further harm thwarts the original purpose of the sexual assault protective order statute by denying relief to some victims who fear continued emotional abuse from their assailant. H.B. 649 allows protective orders for victims of sexual assault without requiring the victim to show a threat of future harm by the assailant.

*Swearingen*, 510 S.W.3d at 633 n.2 (quoting Senate Research Ctr., Bill Analysis, Tex. H.B. 649, 82nd Leg., R.S. (2011)).

The only criterion that remains relevant is whether there are reasonable grounds to believe the underlying offense occurred. This inquiry would be affected by newly discovered evidence of actual innocence, but not by evidence of the applicant's fears.

Shawn produced no evidence that L.S. was not the victim of sexual assault. Rather, the only witness at the review hearing was L.S., who testified in detail concerning

9

Shawn's abuse, for which Shawn had previously pleaded guilty to felony indecency with a child.   *See* TEX. PENAL CODE ANN. § 21.11(d).   Accordingly, we agree with L.S. that the rescindment of the Order was not supported by sufficient evidence.   *See Clements*, 251 S.W.3d at 84.

We sustain L.S.'s third issue.

### III.   CONCLUSION

We reverse the trial court's ruling and render judgment reinstating L.S.'s protective order against Shawn.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
29th day of August, 2018.

10