**ORDER filed October 13, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01026-CV

### CHARLES ROY RODRIGUEZ, Appellant

### V.

### JANE DOE, Appellee

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 96717-F**

### ORDER

Appellant appeals from a family violence protective order signed on August 30, 2018. The clerk's record contains a copy of the August 30 order but also includes a copy of a Final Protective Order signed on November 14, 2018. Appellant's notice of appeal does not purport to appeal the November 14, 2018 order. In appellant's brief, he maintains the trial court lacked plenary power to sign the November 14, 2018 order. The record shows, however, that the trial court retained plenary

jurisdiction over the case at least until December 13, 2018, because a party timely filed a motion to modify the August 30, 2018 order, and the motion to modify was overruled by operation of law on November 13, 2018. *See* Tex. R. Civ. P. 329b(e) (if motion for new trial timely filed, court retains plenary power to modify judgment until 30 days after all such timely-filed motions are overruled). The trial court, moreover, retains jurisdiction to modify a protective order. Tex. Fam. Code 87.001; *see In re S.S.*, 217 S.W.3d 685, 687 (Tex. App.—Eastland 2007, no pet.) ("Section 87.001 provides the trial court with jurisdiction and power to modify the protective order."); *Ulmer v. Ulmer*, 130 S.W.3d 294, 296 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (concluding a family-violence protective order is a final, appealable order and the ability of the trial court to modify the order does not render it interlocutory); *Cooke v. Cooke*, 65 S.W.3d 785, 788 (Tex. App.—Dallas 2001, no pet.) (during the effective period of a protective order, the trial court retains the power and jurisdiction to modify the order by either deleting or adding items to the order).

Although the reporter's record has not been provided, it is undisputed the parties had notice of a hearing and a hearing was held on November 7, 2018. Thereafter, on November 14, 2018, the trial court signed a Final Protective Order. Thus, the operable order in effect is the November 14, 2018 Final Protective Order.

Because the appellant's notice of appeal and brief challenge only the August 30, 2018 Final Protective Order and that order has been supplanted by the Final Protective Order signed November 14, 2018, the appeal is moot. Appellant should be afforded the opportunity to file an amended notice of appeal challenging the November 14, 2018 order, and an opportunity to file an amended brief, if he so chooses.

The court will consider dismissal of this appeal for lack of jurisdiction on its own motion unless appellant files an amended notice of appeal on or before October

23, 2020. If appellant timely files an amended notice of appeal challenging the November 14, 2018 order, the court will consider any additional briefing submitted by the parties that is filed on or before October 28, 2020.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.