

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00435-CV

———————————————

JARON MAURICE LYNCH, Appellant

V.

SAMANTHA JACQUELINE LOPEZ, Appellee

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-719628-22

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

In a single issue, Appellant Jaron Maurice Lynch challenges the trial court's denial of his motion for new trial directed at a ten-year family-violence protective order rendered because Appellant represented "a credible threat to the physical safety of" Appellee Samantha Jacqueline Lopez. We overrule Appellant's issue because his motion failed to present facts supporting a prong of the proof necessary to obtain a new trial—that he had a meritorious defense to Appellee's claim that she was entitled to a protective order. Further, Appellant is not entitled to a new trial based on his claim that the protective order improperly prohibits his possession of a firearm. A section of the Family Code enables Appellant to challenge this allegedly objectionable prohibition. Because the Family Code provides an adequate remedy for Appellant to mount a challenge to the firearm prohibition, there is no reason for equity to intervene and abrogate the entire protective order and thus deprive Appellee of the order's protections from Appellant's threat of future family violence. Accordingly, we affirm.

### II. Factual and procedural background

Appellant's brief sets out the chronology and background of this matter in a succinct fashion:

On July 5, 2022, [Appellee] filed an application for a protective order in the 231st District Court, alleging various bad acts[1] by [Appellant].

On July 6, 2022, the trial court signed a temporary ex parte protective order and show[-]cause order, ordering [Appellant] to appear in the 231st Associate Court on July 19, 2022, at 9:00 a.m.

On July 19, 2022, [Appellee] filed a motion to reissue citation and temporary ex parte order and show[-]cause order because of lack of service on [Appellant]. The trial court signed a temporary ex parte order and show[-]cause order that same day, ordering [Appellant] to appear in the 324th Associate Court on August 2, 2022, at 9:00 a.m.

On July 20, [Appellant] was served at "100 N. Lamar" in Tarrant County, which is the Tarrant County Corrections Center, where [Appellant] was imprisoned at the time. The return ordered [Appellant] to appear in the 231st Associate Court on August 2, 2022, at 9:00 a.m.

On August 2, 2022, the associate judge held a final trial. [Appellant] did not appear, and the bailiff called the hallways and called the 324th Associate Court as well. [Appellee] testified that [Appellant] and she had been engaged, that [Appellant] had committed various bad acts against her, that she believed [Appellant] had charges against him for other bad acts, and that she was concerned for her future safety. She also testified that [she] and [Appellant] together did not have any children. [Record references omitted.]

After rendition of the default protective order, Appellant filed a motion for new trial that was supported by his declaration. Though the declaration acknowledged that Appellant had received the application for a protective order setting the date of a hearing, Appellant professed that he was confused and thought that the protective-order matter was the same matter as a criminal charge pending against him. No one attended the protective-order hearing on Appellant's behalf

---

[1]Appellee's brief notes that she filed the application based upon allegations of "family violence," not "bad acts."

because Appellant claims that he mistakenly believed the lawyer whom he had hired to handle the criminal matter would be handling the matter of which he had received notice. The declaration also stated, "I have young children that this protective order will adversely affect my conservatorship, access, and possession if this protective order stands." The declaration did not deny that Appellant had committed family violence against Appellee.

The trial court signed notices and amended notices of hearing for the motion for new trial, but for reasons not explained in the record, it was apparently not heard and was overruled by operation of law. Subsequently, Appellant filed a notice of appeal.

### III. Analysis

**A.    Appellant's motion for new trial failed to present facts that support one of the prongs of proof necessary for him to obtain a new trial— that he had a meritorious defense to Appellee's request for a protective order.**

The standard of review and the elements that Appellant had to establish to obtain a new trial were recently reiterated by the Texas Supreme Court when it listed the prongs of the venerable *Craddock* test:

> We review a trial court's denial of a motion for new trial for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). The rule of *Craddock v. Sunshine Bus Lines*[, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939),] entitles a defaulting party to a new trial when[] "(1) the failure to appear was not intentional or the result of conscious indifference[] but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma,*

4

288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock*, 133 S.W.2d at 126). . . . If a defaulting party moves for a new trial and satisfies *Craddock*, then the trial court abuses its discretion in failing to grant a new trial. [*Id.*] at 926.

*B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 423–24 (Tex. 2023).

The *Craddock* test applies to determine whether a trial court should set aside a no-answer default judgment. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 308–09 (Tex. 2012).

Another venerable supreme court opinion—*Ivy v. Carrell*—establishes what allegations are necessary to meet the *Craddock* test's second prong by setting up a meritorious defense. 407 S.W.2d 212, 213 (Tex. 1966). A later opinion of the supreme court describes the standard of *Ivy* as follows:

> The second prong of the *Craddock* test requires [a new-trial movant] to "set up" a meritorious defense in its motion for new trial. [*Craddock*,] 133 S.W.2d at 126. Setting up a meritorious defense does not require proof "in the accepted sense." *Ivy*, 407 S.W.2d at 214. Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id.* (testimony given at the motion for new trial hearing used to determine whether defendant provided prima facie evidence of a meritorious defense); *see Guar. Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex. 2006).

*Lerma*, 288 S.W.3d at 927–28 (footnote omitted). "A meritorious defense is one that, if true, would cause a different result on retrial, though it need not be a totally opposite result." *Take 5 LLC v. Smith*, No. 05-22-00390-CV, 2023 WL 1229028, at *5 (Tex. App.—Dallas Jan. 31, 2023, no pet.) (mem. op.) (citing *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.)).

5

Setting up a meritorious defense requires the articulation of the facts supporting the defense because "conclusory statements are not sufficient to meet the second *Craddock* element." *Djomo v. Tchengwe*, No. 01-20-00581-CV, 2022 WL 2836805, at *2 (Tex. App.—Houston [1st Dist.] July 21, 2022, no pet.) (mem. op.) (first citing *Lerma*, 288 S.W.3d at 928; and then citing *Ivy*, 407 S.W.2d at 214); *see also Dupuy v. Williams*, No. 14-19-00463-CV, 2021 WL 5707430, at *8 (Tex. App.—Houston [14th Dist.] Dec. 2, 2021, pet. denied) (mem. op.) (applying *Craddock* in the context of a challenge to a default protective order and holding that trial court did not abuse its discretion by denying motion for new trial when appellant failed to provide prima facie proof of meritorious defense to protective order).

When a motion for new trial fails to present evidence supporting one of the necessary prongs of proof—such as the failure to establish a meritorious defense—we will affirm the denial of the motion for new trial based on that failure alone. *Abuzaid v. Modjarrad & Assocs., P.C.*, No. 05-16-00777-CV, 2017 WL 5559591, at *7 (Tex. App.—Dallas Nov. 14, 2017, no pet.) (mem. op.) ("Because it is dispositive of appellants' thirteenth issue, we first consider whether appellants satisfied the second prong of the *Craddock* test by setting up a meritorious defense as to the [appellee's] suit on a sworn account."); *see also Djomo*, 2022 WL 2836805, at *2 (holding that trial court properly exercised its discretion by denying motion for new trial directed to entry of protective order because appellant's motion failed to allege facts establishing a meritorious defense).

6

Here, Appellant failed to set up a meritorious defense, and his failure to establish that prong of the *Craddock* test is fatal to his claim that he was entitled to a new trial. With respect to his claim of a meritorious defense, the total extent of the statements in Appellant's declaration are as follows:

> I have young children that this protective order will adversely affect my conservatorship, access, and possession if this protective order stands. I believe justice will not be properly served unless a full and complete new trial is granted. Failure to grant a new trial and allow me to present evidence would create a result that is so unjust and unfair as to constitute an abuse of discretion.

This paragraph states the adverse consequences of the entry of the protective order but presents no facts that would constitute a defense to its rendition. Specifically, the declaration does not deny that the abuse about which Appellee testified had occurred or claim that she had a motive to falsify her testimony. *See Cantu-Garcia v. Medrano*, No. 14-21-00171-CV, 2022 WL 16645509, at *3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2022, no pet.) (mem. op.) ("[Appellant's] motion and declaration sufficiently set up a meritorious defense; he explicitly denied the alleged conduct occurred and offered a motive for [appellee] to have fabricated the allegation."). Simply, the declaration does not offer even conclusory statements of facts supporting the existence of a meritorious defense. Further, Appellant's subjective belief that justice will not be served unless he receives a new trial is not evidence, *see, e.g.*, *Tex. Div.–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994), and even if it were, it has no bearing on the existence of a defense.

7

Appellant has presented no facts that meet the second prong of the *Craddock* test. Thus, the trial court acted within its discretion when it did not hear his motion for new trial because that motion lacked the facts necessary to show that Appellant would be entitled to relief.[2]

> **B.** **Appellant's contention that the protective order contains an erroneous provision does not warrant the granting of a new trial; the Family Code provides Appellant an adequate remedy to address the alleged impropriety by allowing him to seek modification of the order.**

Appellant argues that legal developments after the rendition of the protective order warrant a new trial because the order improperly prohibits him from possessing a firearm. Specifically, he argues that

> at the time [he] could make a complaint in the trial court regarding the constitutionality of the prohibition against possessing a firearm, case law was clear that the prohibition was held to be constitutional. *See United*

---

[2]Appellant also argues that his

> timely motion and declaration establish a meritorious defense because he explained that he was in jail at the time of trial, August 2, 2022, but the default protective order required him to complete a batterer's intervention and prevention program by August 12, 2022, only ten days later. . . . The record is devoid of any evidence that [Appellant] could actually have completed these services due to his incarceration, and because it required the program to be completed at specified locations outside of the jail, his incarceration would have precluded him from doing so.

In addition to the fact that this argument is not made in the motion for new trial, the declaration contains no facts supporting it. The declaration does not state that Appellant was in jail on August 12, 2022. Further, the order did not require Appellant to complete the batterer's course by August 12 but merely required him to enroll in the course by that date.

*States v. Rahimi*, No. 21-11001, 2023 WL 1459240, at *2 (5th Cir. Feb. 2, 2023) (recognizing that challenges to constitutionality of law prohibiting possession of firearm was foreclosed by *United States v. McGinnis*, 956 F.3d 747 (5th Cir. 2020) and *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001)). Based on new case law that was decided after the time to make a complaint, the default protective order's prohibition of [Appellant's] "[p]ossessing a firearm" is unconstitutional. *See id.* at *10 (holding 18 U.S.C. § 922(g)(8) that prohibits possession of firearm under civil protective order unconstitutional; relying on *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)); *see Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex. 1993) (holding that appellate decision should be made in light of change in the law). Although the court in *Rahimi* said the validity of the underlying protective order was not at issue, the reasoning from *Rahimi* applies just the same—civil proceedings are insufficient to prohibit the possession of firearms. *See* [2023 WL 1459240,] at *6. This would further result in a different outcome in a new trial.

As conceded by Appellant, he did not make this argument to the trial court because the "new case law . . . was decided after the time to make a complaint." We cannot understand how the trial court abused its discretion by failing to grant a new trial based on an argument that it did not hear. And as Appellee notes, the case cited by Appellant[3] deals with federal law and not the provisions of the Texas Family Code that apply to the requirements of a protective order in a family-violence context. *See* Tex. Fam. Code Ann. § 85.022(b)(6) ("In a protective order, the court may prohibit the person found to have committed family violence from[] . . . possessing a firearm, unless the person is a peace officer, as defined by Section 1.07, Penal Code, actively

---

[3]Although Appellant cites "*United States v. Rahimi*, No. 21-11001, 2023 WL 1459240, at *2 (5th Cir. Feb. 2, 2023)," that decision was withdrawn because it was superseded on March 2, 2023, by *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *petition for cert. filed*, No. 22-915 (U.S. Mar. 21, 2023).

engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision . . . .”).

But there is a more fundamental reason why Appellant’s argument is unavailing. Appellant does not deny that he has committed family violence or that the violence that he committed in the past warrants a finding that he might commit such violence in the future. Instead, he challenges a narrow aspect of the protective order. That challenge—should it be valid—does not require the intervention of equity to grant him a new trial. Appellant has a remedy, and that remedy is adequate to address his complaint without having to take the further step of holding a new trial.

Here, the Family Code provides a remedy by which Appellant may obtain relief without abrogating the protections of the order that Appellee may need to shield her from Appellant. Section 87.001 of the Family Code accords Appellant the right to ask the trial court to modify the protective order should he contend the protective order’s firearm provision is no longer valid. *See* Tex. Fam. Code Ann. § 87.001. The parameters of Section 87.001 were described by the Fourteenth Court of Appeals as follows:

> In addition, under Family Code [S]ection 87.001, “[o]n the motion of any party, the court, after notice and hearing, may modify an existing protective order to[] (1) exclude any item included in the order[] or (2) include any item that could have been included in the order.” Tex. Fam. Code Ann. § 87.001 . . . . Under this statute, the trial court retains jurisdiction and authority to modify the Order throughout its pendency, including after this appeal from the Order comes to an end. *See id.*; *L.S. v. Shawn*, No. 13-17-00224-CV, 2018 WL 4100857, at *2–3 (Tex. App.— Corpus Christi[–Edinburg] Aug. 29, 2018, no pet.) (mem. op.); *In re S.S.*,

10

217 S.W.3d 685, 686–87 (Tex. App.—Eastland 2007, no pet.); *Cooke v. Cooke*, 65 S.W.3d 785, 788 (Tex. App.—Dallas 2001, no pet.). During the effective period of the Order, the trial court retains the power and jurisdiction on the motion of any party, and after notice and hearing, to modify the Order by either deleting or adding items to the order, without any requirement of a showing of changed circumstances. *See* Tex. Fam. Code Ann. § 87.001; *L.S.*, 2018 WL 4100857, at \*2–3; . . . *S.S.*, 217 S.W.3d at 686–87; *Cooke*, 65 S.W.3d at 788.

*J.A.T. v. C.S.T.*, 641 S.W.3d 596, 616–17 (Tex. App.—Houston [14th Dist.] 2022, pet. denied).

Further, the *Craddock* test is an equitable doctrine. *In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022). The *Craddock* test is not directed at errors that may be present in a judgment but is a remedy designed to protect a party from an excusable failure to answer. As noted recently by the supreme court, "[a] motion under *Craddock* does not attempt to show an error in the judgment; rather, it seeks to excuse the defaulting party's failure to answer by showing the *Craddock* elements." *Id.*

There is no need for equity to intervene in this case. Appellant offers no defense to the fact that the order was needed to protect Appellee and thus has not offered the necessary grounds to excuse his failure to answer. Further, he has a mechanism available to challenge a provision of the order that he argues has become invalid based on events that occurred after its rendition. *Craddock*'s equitable rule serves no purpose when Appellant has another adequate remedy to address the alleged impropriety in the order. *See Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 596 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Equity invokes the 'court of

conscience,' and it applies only when 'the legal remedy is not as complete as, less effective than, or less satisfactory than the equitable remedy.'" (citing *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 605 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied))).

Accordingly, we overrule Appellant's sole issue and hold that the trial court did not abuse its discretion by allowing Appellant's motion for new trial to be overruled by operation of law.

## IV.  Conclusion

Having overruled Appellant's sole issue, we affirm the default protective order.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  June 8, 2023

12