In re Scott Louis KECK, Appellant.

Scott Louis Keck, Appellant,

v.

Shannon Michelle Loftin, Appellee.

Nos. 14–10–00565–CV, 14–10–00178–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 9, 2010.

Rashaun Nicole Stagg, Fay Recilla James, Houston, for appellant in No. 14–10–00565–CV.

Rashaun Nicole Stagg, Houston, for appellant in No. 14–10–00178–CV.

Anne Marie Finch, Shelly Whatley Durham, Houston, for appellee.

Panel consists of Chief Justice HEDGES, Justice YATES, and Senior Justice MIRABAL.*

* Senior Justice Margaret Garner Mirabal sitting by assignment.

## OPINION

ADELE HEDGES, Chief Justice.

Scott Louis Keck brings an appeal and a petition for writ of mandamus from the trial court's entry of a protective order prohibiting him from seeing his minor child. The application for the protective order was filed by the child's mother, Shannon Michelle Loftin. In his appeal and petition, Keck makes several allegations of error by the trial court, including that the court (1) erred in considering a motion as well as additional evidence at a hearing without notice to Keck, (2) abused its discretion in holding that the evidence supported the issuance of a protective order, and (3) erred in permitting a particular attorney to testify and cross-examine a witness. We deny the petition for writ of mandamus and reverse and remand the trial court's order.

### Background

On June 30, 2003, the 245th District Court in Harris County issued a final order in a suit to establish parentage of the minor child. In the orders, the court found that Loftin and Keck were the parents of the minor child, named them joint managing conservators, granted Loftin the exclusive right to establish the child's residence, and granted Keck a possession order. On December 7, 2007, the 245th District Court issued modified orders respecting the child, naming Loftin sole managing conservator and Keck possessory conservator, and ordering that Keck's access to the child be through supervised visitation only. On January 9, 2008, the 245th District Court issued a protective order against Keck to continue until January 9, 2010. On September 23, 2009, Loftin filed a petition to terminate Keck's

parental rights in the 245th District Court. This action is apparently still pending in that court.

On November 19, 2009, Loftin filed an application for another protective order in the 280th District Court of Harris County. Earlier in 2009, the 280th District Court was designated the Domestic Violence Court for Harris County, thus becoming the proper court for filing applications for protective orders under the Family Code in that county, irrespective of any other action pending in another court. *See generally* Tex. Gov't Code § 24.112(h) (authorizing legislation). The judge of the 280th District Court set the application for a hearing on December 8, 2009. During this hearing, both sides presented evidence and made arguments. Loftin's allegations included that Keck had sexually abused the minor child and had violated prior protective orders.

At the conclusion of the hearing, the judge announced her findings that (1) family violence had occurred and was likely to occur in the future, and (2) the protective order should be granted with a modification permitting supervised visitation between Keck and the minor child. The judge then requested that a proposed order be provided immediately or at least as soon as possible. Loftin's counsel asked the judge to reconsider and a discussion ensued regarding having the person who would supervise the visitation report back to the court regarding his or her observations. It was then mentioned that attorney Charlotte Rainwater had previously been appointed as amicus attorney in earlier proceedings in the 245th District Court but that she had not been appointed in the termination proceeding then pending in that court, although a motion to so appoint her was on file with that court. The possibility that Rainwater could be present at the visitations was discussed, but no agreement was reached and no order was made on this issue.

The judge instructed the parties to return on December 16 at 8 a.m., having worked together to accomplish the judge's goal of having the visitations supervised by someone who could then report to the court. The judge further instructed that Keck register with a supervised visitation facility (specifically, the Victim Assistance Centre's SAFE Program) and that an order be prepared for her signature.

At 8 a.m. on December 16, Loftin's counsel appeared in the 280th District Court and announced to the judge that she had filed a Motion to Reconsider the court's prior ruling. A Motion to Reconsider appears in the clerk's record. It is file-stamped December 16, 2009, and contains a certificate of service stating that it was hand-delivered to Keck on that same date. With the court's permission, the attorney then presented testimony in support of the motion from Tracy Dow, a clinical psychologist who had been seeing the minor child for several years. According to Dow, the minor child disclosed that Keck had sexually assaulted her.

Also present at this hearing was attorney Charlotte Rainwater, who represented to the court that on December 15, she was appointed as amicus attorney for the minor child in the parental rights termination action pending in the 245th District Court. The trial court had Rainwater sworn in as a witness and permitted her to question Dow. At the conclusion of the hearing, the judge signed a protective order, which, among other things, prohibited Keck from having contact with the minor child.

Neither Keck, nor any attorney representing Keck, appeared at the 8 a.m. hearing. The record reflects, however, that Keck appeared before the court at 10 a.m. and explained that he had thought the hearing was set for 10 a.m. The judge

declined to reconsider her ruling at that time. Subsequently, Keck filed a motion for new trial, arguing primarily that he did not receive proper notice under Texas Rules of Procedure 21 and 21a for matters considered at the December 16 hearing. The trial court denied the motion.

### Appeal or Mandamus

■ As indicated above, Keck filed both an appeal and a petition for writ of mandamus, and the parties dispute which is the proper vehicle for review. Section 81.009 of the Texas Family Code states that "a protective order rendered under this subtitle may be appealed" unless it is "rendered against a party [ (1) ] in a suit for dissolution of a marriage," or (2) "in a suit affecting the parent-child relationship [SAPCR]." Tex. Fam.Code § 81.009. If either of the exceptions applies, then appeal of the protective order must await issuance of a final, appealable order in the underlying case. *Id.* There was apparently never a marriage between Keck and Loftin, so the first exception does not apply. An action to terminate Keck's parental rights was pending at the time the application for a protective order was filed, and such a suit is indeed a SAPCR. *See id.* § 101.032(a). However, the termination action was filed in a different court (the 245th District Court) and with a different cause number than the protective order at issue here (which was filed in the 280th District Court). It therefore cannot be said that the protective order was issued "in" the termination action. Because neither of the section 81.009 exceptions apply in this case, the protective order is appealable under that Family Code sec-

tion.[1] Accordingly, we will consider the merits of Keck's appeal and deny the petition for writ of mandamus.

### Notice

■ Keck initially contends that he did not receive proper notice of the proceedings that occurred at the 8 a.m. hearing on December 16, 2009. Although he does not dispute that he had notice of the hearing itself, given by the court at the prior hearing on December 8, he argues that he never received notice that the court was going to entertain Loftin's Motion to Reconsider or reopen the evidence. To the contrary, he asserts, the court's notice on December 8 indicated that the December 16 hearing was only for the purpose of entering a final order based on the court's holdings at the conclusion of the December 8 hearing.

Under Rule 21 of the Texas Rules of Civil Procedure:

> An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

Tex.R. Civ. P. 21. It is clear from the record that Keck was not served with a copy of the motion to reconsider and did not receive notice that the court was going to consider the motion or additional evidence until the very day of the hearing, December 16. Indeed, the only indication in the record of when Keck received notice suggests that he received it only after the

---

1. We further note that to hold otherwise, i.e., that the protective order could not be appealed until a final, appealable order had been issued in the termination action, would generate ambiguities concerning both the notice of appeal and preparation and filing of the rec-

ord for appeal. This is so because the case would be spread between two trial courts and two unrelated cause numbers. However, a plain reading of the statute necessitates our holding without reference to these potential procedural irregularities.

conclusion of the hearing on the motion. Moreover, according to the reporter's record of the December 8 hearing, the only stated purpose for the December 16 hearing was entry of an order reflecting the court's December 8 findings. Consequently, the holding of a hearing on December 16, in which the motion to reconsider was considered along with new evidence in support thereof, violated Rule 21. *See, e.g., Prototype Mach. Co. v. Boulware,* 292 S.W.3d 169, 172 (Tex.App.-San Antonio 2009, no pet.) (reversing and remanding trial court's order for failure to provide three days notice of hearing under Rule 21).

■ To the extent the record can be read as suggesting that the court shortened the notice period as permitted by section 21, the court abused its discretion in so doing. The record does not reflect any basis for shortening the notice period. Keck was left without an ability to prepare a response to the motion or the new evidence. *See, e.g., Petitt v. Laware,* 715 S.W.2d 688, 690–91 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.) (holding court did not abuse its discretion in shortening notice period where exigent circumstances requiring a shorter period existed and the hearing in question did not involve an ultimate matter in the case but only a question of procedure).

Because Keck did not have proper notice of the December 16 proceedings, we reverse the trial court's protective order and remand for further proceedings in accordance with this opinion. Among alternatives in his prayer, Keck requests that this court enter an order reflecting the trial court's findings at the December 8 hearing, *i.e.,* that he is permitted supervised visitation. We decline to do so. But this opinion should not be construed as suggesting that the trial court cannot receive additional evidence or reconsider its initial

findings upon proper notice. Because of our holding on the notice issue, we need not consider any of Keck's other arguments.

We deny the petition for writ of mandamus and reverse and remand the trial court's order.