

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00191-CV
_____

IN THE INTEREST OF A.M.G. AND E.J.G., CHILDREN

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A36670-0906, Honorable Robert W. Kinkaid, Jr., Presiding

October 5, 2016

## ORDER OF ABATEMENT

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In October 2015, appellant Esteban Rene Garcia, Jr. initiated a suit affecting the parent-child relationship (SAPCR). He sought a reduction in his child support obligation, a change of visitation, confirmation of the amount of a child support arrearage, temporary orders, and attorney's fees. The trial court has not yet heard that case. In December 2015 appellee Mirian Mabel Hernandez obtained a temporary ex parte protective order. Garcia's SAPCR and Hernandez's application for protective order were filed in the same court under the same cause number. According to Garcia, the case began in the trial court when he filed his SAPCR and Hernandez sought the

protective order in response to his SAPCR. In February 2016, Hernandez was granted a two-year protective order. Garcia now attempts to challenge that order by this appeal.

On our own motion we questioned our jurisdiction over the case. *Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (explaining an appellate court must address questions of its jurisdiction sua sponte). We notified the parties by letter of our concern and afforded each an opportunity to provide briefing. Garcia responded, Hernandez did not.

A court of appeals has appellate jurisdiction to review final judgments and those interlocutory orders made immediately appealable by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015) & § 51.014 (West Supp. 2016). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). "A protective order rendered against a party in a suit affecting the parent-child relationship may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable order." TEX. FAM. CODE ANN. § 81.009(c) (West 2014). We find the protective order at issue here was issued in a pending SAPCR and is therefore an interlocutory order over which we have no appellate jurisdiction. *See In re A.J.F.,* No. 05-06-01514-CV, 2007 Tex. App. LEXIS 1070 (Tex. App.—Dallas Feb. 14, 2007, no pet.) (per curiam mem. op.) (dismissing for want of jurisdiction attempted appeal of protective order rendered in still-pending SAPCR); *but cf. Keck v. Loftin,* 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (finding protective order was not "rendered in" SAPCR where the SAPCR and application for protective order were filed in different courts under different cause numbers).

As an alternative to dismissal, Garcia asks that we abate the appeal so that he may nonsuit the SAPCR.[1] *See* TEX. R. CIV. P. 162 (nonsuit). Appellate Rule 27.2 provides that an appellate court may "allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." TEX. R. APP. P. 27.2. The appellate rules further provide an appellate court may not dismiss an appeal "for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3; *see Pena v. State,* 07-10-00503-CV, 2011 Tex. App. LEXIS 1635, at *7 (Tex. App.—Amarillo Mar. 3, 2011, pet. denied) (per curiam order) (abating appeal for ninety days so that appellant might obtain appealable order from trial court).

Accordingly, we abate the appeal until October 27, 2016, at which time we again will consider our jurisdiction. If, by that date, we have received a supplemental clerk's record containing Garcia's notice of nonsuit and the trial court's order on nonsuit of Garcia's SAPCR, we will reinstate the appeal. Otherwise, we will dismiss the appeal.[2]

It is so ordered.

Per Curiam

---

[1] Remand of the case is not required because Garcia's notice of appeal did not divest the trial court of jurisdiction. *See generally Schultz v. Fifth Jud. Dist. Ct. App.,* 810 S.W.2d 738, 739 n.6 (Tex. 1991) (orig. proceeding) (noting if challenged order in that case was not appealable then jurisdiction never attached in the appellate court and the trial court never lost jurisdiction to enforce its interlocutory order), *abrogated on other grounds by In re Sheshtawy,* 154 S.W.3d 114, 124-25 (Tex. 2004) (orig. proceeding).

[2] *But see Trane US v. Sublett*, No. 07-16-00286-CV, 2016 Tex. App. LEXIS 10723 (Tex. App.—Amarillo Sep. 30, 2016, no pet. h.) (per curiam) (declining to abate appeal and dismissing case when contested hearing remained pending in trial court and from the resulting order of that hearing either or both sides might appeal).