

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00191-CV

IN THE INTEREST OF A.M.G. AND E.J.G., CHILDREN

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A36670-0906, Honorable Robert W. Kinkaid, Jr., Presiding

November 1, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In October 2015, appellant Esteban Rene Garcia, Jr. filed a suit affecting the parent-child relationship (SAPCR). He sought a reduction in his child support obligation, a change of visitation, confirmation of the amount of a child support arrearage, temporary orders, and attorney's fees. The trial court has not yet heard that case.

In December 2015 appellee Mirian Mabel Hernandez obtained a temporary ex parte protective order. In February 2016, she was granted a two-year protective order. Garcia's SAPCR and Hernandez's application for protective order were filed in the same

court under the same cause number. According to Garcia, the case began in the trial court when he filed his SAPCR and Hernandez sought the protective order in response to his SAPCR. Notwithstanding the pendency of his SAPCR, Garcia filed a notice of appeal attempting to challenge the protective order.

On our own motion we questioned our appellate jurisdiction.[1] We notified the parties by letter of our concern and afforded each an opportunity to provide briefing. In his response, Garcia asked that we abate the appeal so that he might nonsuit his SAPCR. We agreed and by order of October 5, 2016, abated the appeal.[2] The order further provided that if a supplemental clerk's record containing Garcia's notice of nonsuit and the trial court's order dismissing the SAPCR was filed by October 27, 2016, we would continue the appeal. Otherwise, the appeal would be dismissed. In a letter of October 27, the district clerk notified us she had not received any items for filing.

A court of appeals has appellate jurisdiction to review final judgments and those interlocutory orders made immediately appealable by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015) & § 51.014 (West Supp. 2016). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). "A protective order rendered against a party in a suit affecting the parent-child relationship may not be appealed until the time an order

---

[1] *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (explaining an appellate court must address questions of its jurisdiction sua sponte).

[2] *In re A.M.G.,* No. 07-16-00191-CV, 2016 Tex. App. LEXIS 10966 (Tex. App.—Amarillo Oct. 5, 2016, per curiam order).

providing for support of the child or possession of or access to the child becomes a final, appealable order." TEX. FAM. CODE ANN. § 81.009(c) (West 2014).

The protective order here in question was issued in a pending SAPCR and is therefore an interlocutory order over which we have no appellate jurisdiction. *See In re A.J.F.,* No. 05-06-01514-CV, 2007 Tex. App. LEXIS 1070 (Tex. App.—Dallas Feb. 14, 2007, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal of protective order rendered in still-pending SAPCR); *but cf. Keck v. Loftin,* 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (finding protective order was not "rendered in" SAPCR where the SAPCR and application for protective order were filed in different courts under different cause numbers). Accordingly, the appeal is reinstated and is dismissed for want of jurisdiction. TEX. R. APP. P. 44.3(a).

James T. Campbell
Justice

3