# NO. 12-19-00184-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL L. BIRD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Michael L. Bird, acting pro se, filed this original proceeding to challenge Respondent's protective order.[1] We deny the writ.

## BACKGROUND

In August 2006, the Honorable Pam Fletcher, Judge of the 349th District Court in Houston County, Texas signed a final divorce decree dissolving the marriage between Bird and Real Party in Interest, Angelique Ledesma. Judge Fletcher appointed Bird and Ledesma as joint managing conservators of their daughter and gave Bird the exclusive right to designate the child's residence. Ledesma subsequently filed a petition to modify the parent-child relationship, in which she sought appointment as the person with the right to designate the child's primary residence.

In August 2016, Bird filed a motion to transfer the case to Bell County. Judge Fletcher denied the motion. On January 16, 2019, this Court conditionally granted Bird's petition for writ of mandamus and ordered Judge Fletcher to vacate her order denying Bird's motion to transfer and to issue an order transferring the case to Bell County.[2] In compliance with this Court's opinion

---

[1] Respondent is the Honorable Sarah Tunnell Clark, Judge of the County Court at Law of Houston County, Texas.

[2] *See In re Bird*, No. 12-18-00291-CV, 2019 WL 210829 (Tex. App.—Tyler Jan. 16, 2019, orig. proceeding) (mem. op.).

and order, Judge Fletcher signed an order transferring the case to Bell County, thereby making the Bell County court the court of continuing exclusive jurisdiction.[3]

On January 28, Ledesma filed an application for a protective order with the County Court at Law in Houston County, Texas.[4]  On February 11, after a hearing, Respondent signed a protective order, effective until February 10, 2021, in which she found that Bird committed family violence and is likely to commit family violence in the future.  The order states that Bird must not remove the child from Ledesma's possession, child-care facility, or school, except as specifically authorized in a possession schedule ordered by the court "in Bell County where the SAPCR is currently and ordered by the Court on or after 2/11/19."  On April 16, Bird filed a motion to vacate. He subsequently received an email from the District Clerk's Office, which states that Respondent would not sign the order on the motion to vacate because Bird was "past the time to file for a new trial or appeal."  This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy.  *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites.  *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).  "Mandamus will not issue when the law provides another plain, adequate, and complete remedy."  *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## AVAILABILITY OF MANDAMUS

A family violence protective order is appealable unless it is rendered in a divorce suit or a suit affecting the parent-child relationship.  TEX. FAM. CODE ANN. § 81.009 (West 2019); *In re*

---

[3] *See In re Bird*, No. 12-18-00291-CV, 2019 WL 386843 (Tex. App.—Tyler Jan. 31, 2019, orig. proceeding) (mem. op.); *see also* TEX. FAM. CODE ANN. § 155.206(a) (West 2014) ("A court to which a transfer is made becomes the court of continuing, exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally").

[4] The application incorrectly states that the child is "currently subject to the continuing jurisdiction of this court."

2

*Lewis*, No. 12-16-00134-CV, 2016 WL 3346022, at *1 (Tex. App.—Tyler June 15, 2016, orig. proceeding) (mem. op.). The protective order in this case was not rendered in either type of suit.[5] Therefore, it is final and appealable. *See* TEX. FAM. CODE ANN. § 81.009; *see also Lewis*, 2016 WL 3346022, at *1; *Cooke v. Cooke*, 65 S.W.3d 785, 789 (Tex. App.–Dallas 2001, no pet.) (concluding that protective order was a final, appealable order).

Because a protective order is a final, appealable order, Bird has an adequate remedy by appeal. *See Lewis*, 2016 WL 3346022, at *1; *see also In re Keck*, 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (in joint appeal and mandamus proceeding, mandamus denied because protective order was appealable under Section 81.009). Mandamus may not be used as a substitute for an appeal and a party may not attack a trial court's ruling by seeking a writ of mandamus, even if the appellate remedy is no longer available. *In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App.–Amarillo 2008, orig. proceeding); *see In re Hart*, 351 S.W.3d 71, 77 (Tex. App.–Texarkana 2011, orig. proceeding) (because relator did not "avail himself of the procedures available to file a notice of appeal, he lost the opportunity to file a direct appeal even though that avenue was available to him ... [m]andamus is not available if another remedy, though it would have been adequate, was not timely exercised[ ]"); *see also In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.–Fort Worth 2009, orig. proceeding) ("A party's failure to comport with these rules which would have given him the time to file his notice of appeal is not a sufficient excuse to justify issuance of mandamus[ ]"). Thus, Bird may not attack Respondent's ruling on

---

[5] Bird challenges Respondent's jurisdiction to issue the protective order because continuing exclusive jurisdiction lies with the court in Bell County. However, Ledesma was entitled to file her application in a court other than the one possessing continuing exclusive jurisdiction. *See Brownlee v. Daniel*, No. 06-11-00136-CV, 2012 WL 3022660, at *2 (Tex. App.—Texarkana July 25, 2012, no pet.) (mem. op.). Chapter 85 of the family code, which addresses protective orders, states that when, as here, a final order has been rendered in a suit for dissolution of marriage or a SAPCR, an application for a protective order by a party to the suit against another party to the suit filed after the date the final order was rendered and that is filed in a county other than the county in which the final order was rendered, shall be filed in a court having jurisdiction to render a protective order. TEX. FAM. CODE ANN. § 85.063(a) (West 2019). Accordingly, a court other than the court of continuing exclusive jurisdiction is authorized to issue a protective order. *See id.*; *see also Brownlee*, 2012 WL 3022660, at *2-3. Nor does the record demonstrate that Bird filed a motion to transfer the protective order proceeding to Bell County. *See* TEX. FAM. CODE ANN. § 85.064(b)-(c) (West 2019) (authorizing court to transfer protective order proceeding to court of continuing exclusive jurisdiction if transfer is in the interest of justice or is for the safety or convenience of a party or witness).

Ledesma's application for a protective order by seeking a writ of mandamus. *See Lewis*, 2016 WL 3346022, at *1.

With respect to Respondent's refusal to sign an order on Bird's motion to vacate the protective order, consideration of a properly filed and pending motion is a ministerial act for which mandamus may issue to compel the trial court to act. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). However, the trial court's jurisdiction during the first year of a protective order is limited to modification of the order. *B.C. v. Rhodes,* 116 S.W.3d 878, 882 (Tex. App.—Austin 2003, no pet.); *Cooke*, 65 S.W.3d at 788; *see* TEX. FAM. CODE ANN. 87.001 (West 2019) (modification of protective order). "A person who is the subject of a protective order may file a motion *not earlier than the first anniversary of the date on which the order was rendered* requesting that the court review the protective order and determine whether there is a continuing need for the order." TEX. FAM. CODE ANN. § 85.025(b) (West 2019) (emphasis added). Here, Bird filed his motion to vacate on April 16, 2019, just over two months after Respondent signed the protective order on February 11. Because Respondent only possessed jurisdiction to modify, not vacate, the protective order at the time Bird filed his motion, Respondent did not abuse her discretion by declining to sign an order on the motion.

Accordingly, for the reasons discussed above, we conclude that Bird cannot show that mandamus review is available for challenging the protective order or that Respondent abused her discretion by refusing to rule on his motion to vacate. Consequently, Bird cannot establish both prerequisites for obtaining a writ of mandamus. *See Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *see also Fitzgerald*, 429 S.W.3d at 891.

<u>DISPOSITION</u>

Having determined that Bird cannot demonstrate an entitlement to mandamus relief, we *deny* Bird's petition for writ of mandamus.

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-19-00184-CV

**MICHAEL L. BIRD,**
Relator
V.

**HON. SARAH TUNNELL CLARK,**
Respondent

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael L. Bird; who is the relator in appellate cause number 12-19-00184-CV and a party in trial court cause number 19CCL-013, pending on the docket of the County Court at Law of Houston County, Texas. Said petition for writ of mandamus having been filed herein on May 17, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *memorandum* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*