**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00583-CV

———————————

## GUILLERMO PUENTE, Appellant

## V.

## ALICIA MARIE PUENTE, Appellee

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-34059**

---

## MEMORANDUM OPINION

Guillermo Puente appeals from a family-violence protective order entered by the trial court. We affirm the trial court's protective order.

## BACKGROUND

On behalf of herself and her two daughters, Alicia Marie Puente filed an application seeking the entry of a family-violence protective order against her husband, Guillermo. In her application, she alleged that he had engaged in family violence by committing "acts that reasonably resulted in the genuine threat of substantial harm from physical injury to" one of his daughters.

The trial court heard Alicia's application in June 2018. Alicia and Guillermo were the sole witnesses who testified at the hearing.

Alicia testified that she and Guillermo were married in August 2009. They have two daughters, who are five and two years of age respectively. Alicia stated that Guillermo has been violent with her. His violent behavior began around August 2010 and has escalated.

In particular, Alicia testified about a violent outburst in January 2018. During this outburst, Guillermo pushed, tugged, and held her. Over Guillermo's objection that they lacked a date-time stamp, the court admitted into evidence four photographs that Alicia took afterward that show bruises on her arms and legs. She said that the bruises on her arms resulted from him grabbing or pulling her and the ones on her knees resulted from her falling on a tile floor after he pushed her. She tried to telephone law enforcement for assistance during the assault, but Guillermo

threw her phone away. She testified that she was too scared to call the police after the assault.

Alicia testified that the most recent incident of domestic violence occurred in March 2018, when Guillermo forced their five-year-old daughter onto the patio and locked her out of the house because she had been reprimanded in pre-kindergarten and he thought that his daughter had lied about it. Parts of this incident were captured on four audio-video recordings that Alicia made with her phone.

These audio-video recordings were played for the court. Alicia testified that she only captured parts of this incident because she had to record it surreptitiously. She feared that if Guillermo had known that she was recording him there would be repercussions for doing so. The recordings show Guillermo put his older daughter on the patio and shut and lock the door to the house. When Alicia told him not to push their daughter, Guillermo yelled, "Or what, Alicia, or what?" He then proceeded to scream at Alicia while walking toward her and pointing at her with his finger. He eventually commanded Alicia to sit in a chair. He yelled that unless the girls were disciplined they would turn out like Alicia's mother while clapping his hands for emphasis. He said that the girls had to be disciplined like this or else he would "have to beat" Alicia. When Alicia said that she did not agree with Guillermo's discipline of the girls, he responded, "Then call the cops."

Alicia filed for divorce that same month. The divorce action is pending in the 245th District Court under Cause Number 2018-17611.

Alicia obtained a temporary restraining order in the divorce action that barred Guillermo from taking possession of the girls. The same day that the order was served on Guillermo, he went to his younger daughter's daycare to pick her up, but it refused to release her to him. The daycare informed Alicia that Guillermo had been volatile and that he had left only after the daycare threatened to call the police. Guillermo found Alicia elsewhere later that day and began beating on her car, prompting Alicia to call the police out of fear.

Alicia testified that she feared that Guillermo's violent behavior would continue to escalate. She further testified that she had left the marital home and was afraid to return to it because of Guillermo.

Other than the March 2018 incident, Alicia agreed that there have not been any instances in which Guillermo was violent with the children. She conceded that the audio-video recordings that she made with her phone did not show Guillermo pushing their older daughter, and she also conceded that Guillermo had locked their older daughter out of the house to discipline her just twice.

Guillermo testified that he has never committed an act of domestic violence. He denied causing the bruises that Alicia exhibited in the photographs. Guillermo also denied that he meant that he literally would have to beat Alicia if she did not

4

discipline their daughters as he wished. He also denied that he was trying to intimidate Alicia during that argument.

But Guillermo conceded that he had an anger problem. In the divorce action, he had been ordered to take an anger-management class. He introduced documentation into evidence showing that he had completed this class. Guillermo stated that he since has changed his parenting style to be more positive. He agreed that the way that he disciplined his older daughter in March 2018 was inappropriate.

The trial court found that family violence had occurred and was likely to occur in the future, and that Guillermo had committed family violence. Based on these findings, the court ordered that Guillermo was prohibited from:

(1) committing family violence as defined by section 71.004 of the Family Code;

(2) acting in a manner intended to result in physical harm, bodily injury, assault, or sexual assault against Alicia or his daughters;

(3) acting in a threatening manner that reasonably places Alicia or his daughters in fear of imminent physical harm, bodily injury, assault, or sexual assault;

(4) communicating directly with Alicia or his daughters in a threatening or harassing manner;

(5) communicating a threat through any person to Alicia or his daughters;

(6) engaging in conduct directed specifically toward Alicia or his daughters, including following them, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass them;

(7) going within 200 feet of Alicia and his daughters' residences and Alicia's place of employment or business;

5

(8) going to or near the residence, childcare facilities, or schools that his daughters normally attend or where they normally reside;

(9) possessing a firearm; and

(10) harming, threatening, or interfering with the care, custody, or control of a household pet, companion animal, or assistance animal.

The trial court further ordered Guillermo to complete an accredited battering-intervention program and that he "shall not have any periods of possession and access, that are unsupervised, with the children" until he had completed six classes of the battering-intervention program. The protective order was effective from June 4, 2018 for a period of two years.

## DISCUSSION

Guillermo contends that we must vacate the trial court's order because:

- the order does not conform to Alicia's application, which alleged child abuse as the sole ground for relief;

- the trial court erred in allowing the introduction of photographs in violation of the best-evidence rule;

- the evidence is legally and factually insufficient to support the trial court's family-violence findings; and

- the terms of the trial court's two-year protective order are tantamount to the termination of his parental rights.

Alicia responds that the trial court's order is not final and appealable. She argues that the order can only be appealed after the divorce action is final and that we therefore lack jurisdiction to hear Guillermo's appeal.

## I. Jurisdiction

In general, a party subject to a family-violence protective order may appeal. TEX. FAM. CODE § 81.009(a). There are two exceptions: parties subject to a protective order entered in a suit for divorce or in a suit affecting the parent-child relationship may not appeal until a final, appealable order is rendered in those suits. *See id.* § 81.009(b), (c). Alicia contends that because her divorce action remains pending, section 81.009(b) bars review of the protective order at this time.

The language of section 81.009(b) defeats Alicia's argument. It provides that a "protective order rendered against a party in a suit for dissolution of a marriage" cannot be appealed until the divorce is final and appealable. *See id.* § 81.009(b). Courts have held that this provision applies solely to protective orders entered in a divorce action, not to protective orders entered in another proceeding against a person who also is a party to a separate suit for divorce. *See, e.g., In re Keck*, 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Alicia's application for a family-violence protective order and her petition for divorce are separate suits. They were given different cause numbers and assigned to different district courts. Because the protective order was not rendered in the divorce action, it is not subject to section 81.009(b)'s exception and is final and appealable. *See id.*; *accord Watts v. Adviento*, No. 02-17-00424-CV, 2019 WL 1388534, at *2 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (per curiam).

Accordingly, we hold that we have jurisdiction to hear Guillermo's appeal.

## II.    Pleadings

Guillermo contends that the trial court erred in allowing and considering evidence about family violence directed against Alicia. He reasons that the validity of the protective order must turn on the issue of child abuse because Alicia solely alleged child abuse in her application, not that he abused her. Guillermo contends that he therefore did not receive fair notice of the allegations being made against him and that his constitutional right to due process was violated.

Guillermo is right that Alicia did not plead that he had abused her. We reject his contentions, however, for two reasons. First, the law does not require Alicia to specify particular acts of violence in her application and limit her proof to these acts. Second, even if the law generally did limit Alicia to proof in this manner, Guillermo tried the issue of whether he directed family violence toward Alicia by consent.

The Family Code requires that an application for a family-violence protective order state: each applicant's name and county of residence; the name and county of residence of each person alleged to have committed family violence; the relationships between each applicant and any person alleged to have committed family violence; a request for one or more protective orders; and a statement as to whether an applicant is receiving certain services relating to child-support cases. TEX. FAM. CODE § 82.004. Our court previously has rejected the contention that an

8

applicant's failure to include a particular allegation of family violence in her application affects our review of the sufficiency of the evidence supporting a protective order. *See Boyd v. Palmore*, 425 S.W.3d 425, 431 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Thus, we hold that Alicia was not required to make particularized allegations of family violence and that the trial court did not err by allowing and considering evidence of Guillermo's conduct as to Alicia.

Nor would Guillermo fare better if the Family Code or other law did require an applicant to make particularized allegations of family violence. Guillermo's contentions, including his fair-notice and due-process claims, are also untenable because the parties tried the issue of family violence against Alicia by consent.

If an issue not raised in the pleadings is tried by express or implied consent, the issue shall in all respects be treated as if it had been raised. Tex. R. Civ. P. 67. In deciding if an issue was tried by consent, we examine the record for evidence that the issue was tried. *Bos v. Smith*, 556 S.W.3d 293, 307 (Tex. 2018). That the record contains evidence relevant to the issue is not necessarily dispositive. *See id.* at 306–07. The doctrine of trial by consent does not apply when evidence relevant to an issue not pleaded is also relevant to the pleaded issues, because its introduction would not elicit an objection on that ground. *Id.* at 307. The doctrine, however, does apply when evidence is introduced that is only relevant to an issue that is not pleaded and the opposing side does not object. *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex.

9

2009); *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445–46 (Tex. 1993).

At trial, Alicia testified that Guillermo abused her. This testimony was not relevant to whether he had abused their daughters or another pleaded issue. But Guillermo did not object to its introduction on the ground that Alicia had not alleged this abuse in her application or based on lack of notice of this allegation. Instead, he took the stand and testified that he did not abuse Alicia. The record thus shows that the parties tried the issue of whether Guillermo abused Alicia even though it was not pleaded. *See Ingram*, 288 S.W.3d at 893; *Sage St. Assocs.*, 863 S.W.2d at 445–46.

## III.  Admissibility of Photographs

Guillermo contends that the trial court abused its discretion by admitting into evidence the photos of Alicia's bruises because they were not originals. As they were not originals, he argues, they were inadmissible under the best-evidence rule.

Guillermo's objection to the photos at trial did not challenge them on the basis that they were not originals. He instead objected to them on the basis that they lacked a date-time stamp. Thus, Guillermo did not preserve his best-evidence argument for review. *See* TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a); *Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 508 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("An objection on appeal that is not the same as that which was urged at trial presents nothing for appellate review.").

## IV.  Legal and Factual Sufficiency

Guillermo challenges the legal and factual sufficiency of the evidence.

### A.  Standard of review

Though Guillermo challenges the sufficiency of the evidence, he contends that the standard of review is abuse of discretion. But when the trial court sits as factfinder, as it does when making findings to decide whether to enter a protective order, we review any challenged findings for legal and factual sufficiency of the evidence, not abuse of discretion. *Shoemaker v. State for Protection of C.L.*, 493 S.W.3d 710, 714 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Boyd*, 425 S.W.3d at 429; *see also Jackson v. Jackson*, No. 01-14-00952-CV, 2015 WL 8940117, at *3 & n.1 (Tex. App.—Houston [1st Dist.] Dec. 15, 2015, no pet.) (mem. op.) (noting split in authority among courts of appeals as to standard of review).

In a legal-sufficiency review, we consider the evidence in the light most favorable to the findings of fact, make every reasonable inference in their favor, and disregard contrary evidence unless a reasonable factfinder could not. *Shoemaker*, 493 S.W.3d at 715. If any evidence of probative force supports the findings, we must affirm the trial court's decision. *See id.*

In a factual-sufficiency review, we consider the entire record and must affirm unless the trial court's decision is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* As factfinder, the trial court is the

exclusive judge as to witness credibility, conflicts in witness testimony, and the weight to give to any given witness's testimony. *Id.*

## B. Applicable law

A trial court must enter a protective order if it finds that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE §§ 81.001, 85.001(b); *Williams v. Bowles*, No. 01-13-00017-CV, 2014 WL 586236, at *2 (Tex. App.—Houston [1st Dist.] Feb. 13, 2014, no pet.) (mem. op.); *Wilkerson v. Wilkerson*, 321 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd). Family violence includes "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE § 71.004(1); *see Boyd*, 425 S.W.3d at 429 (applying this definition of family violence); *Wilkerson*, 321 S.W.3d at 117 (same).

## C. Analysis

Alicia testified that Guillermo assaulted her, stating that he caused bruises to her arms and legs. She introduced several photos showing these bruises. She also introduced audio-video recordings of a heated argument between her and Guillermo about disciplining their five-year-old daughter. In one of these recordings, Guillermo demanded that Alicia sit down in a chair and then told her that it would be necessary

12

for him to beat her if she failed to discipline the girls as he wished. Alicia stated that on another occasion she had to telephone the police when Guillermo confronted her about a temporary restraining order and began beating on her car. Each of these incidents, standing alone, is some evidence of family violence. *See Boyd*, 425 S.W.3d at 430 (blocking car and jumping on its hood legally sufficient evidence of family violence despite lack of physical harm). Thus, the evidence is legally sufficient to support the trial court's finding that Guillermo had committed family violence. *See id.*

Alicia testified that Guillermo's violent behavior had escalated over time. She had abandoned the marital home due to her fear of Guillermo. When viewed in conjunction with the evidence of past family violence, we conclude that this additional evidence would allow a reasonable factfinder to conclude that future family violence was likely. *See id.* at 432 (single act of past family violence may be legally sufficient to support finding that future family violence was likely). Thus, the evidence is legally sufficient to support the trial court's finding that Guillermo was likely to commit family violence in the future. *See id.*

The record does contain some contrary evidence. Guillermo denied committing any domestic violence, including bruising Alicia in a physical altercation. He also testified that he did not literally mean his statement in the recording that he would have to beat his wife if she thwarted his disciplinary efforts.

13

Finally, he introduced evidence that he had completed an anger-management class. As factfinder, the trial court was entitled to assess the respective credibility of Alicia and Guillermo and to credit Alicia's testimony over Guillermo's. *See Wilkerson*, 321 S.W.3d at 117 (trial court as factfinder could believe applicant for protective order even though defendant hotly contested facts). Having reviewed the record as a whole, we are not convinced that the trial court's findings as to past and future family violence are against the great weight and preponderance of the evidence. The evidence is therefore factually sufficient to support these findings. *See Boyd*, 425 S.W.3d at 433 (evidence factually sufficient notwithstanding defendant's denials and explanations as to his behavior).

We overrule Guillermo's legal and factual sufficiency challenges.

## V. Termination

Guillermo contends that the protective order is tantamount to the termination of his parental rights. As the order allows him access to his daughters, we disagree.

An order completely denying a parent access to his children is tantamount to the termination of parental rights. *See In re C.L.J.S.*, No. 01-18-00512-CV, 2018 WL 6219615, at *5 (Tex. App.—Houston [1st Dist.] Nov. 29, 2018, no pet.) (mem. op.).

The family-violence protective order entered by the trial court does not deny Guillermo access to his daughters. It does bar him from the children's residence, schools, and childcare facilities. It also denies him unsupervised possession of and

14

access to his children until he has completed at least six classes of a battering-intervention program. But these very terms show that the order allows Guillermo access to his daughters. Similarly, while the order prohibits Guillermo from communicating with his daughters in a threatening or harassing manner, it does not prohibit him from communicating with them otherwise. Thus, we reject Guillermo's contention that the protective order effectively terminates his parental rights.

## CONCLUSION

We affirm the order of the trial court.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.