**Affirmed and Memorandum Opinion filed May 13, 2021.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-19-00426-CV

---

### ERNEST ADIMORA-NWEKE, Appellant

### V.

### HANNAH OLIVIA YARBROUGH, Appellee

---

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2019-17921**

---

### MEMORANDUM OPINION

Appellant Ernest Adimora-Nweke appeals family violence protective orders granted by the trial court. For the reasons set forth below, we affirm the trial court's order.

### I.    BACKGROUND

On March 11, 2019, appellee Hannah Olivia Yarbrough filed an application for a protective order with a supporting affidavit, on behalf of herself and her unborn child (expected due date October 2019), alleging appellant had committed

family violence against her.[1]  On the same date, appellee also filed an application for an ex parte temporary protective order against appellant, which the trial court granted on March 13, 2019.[2]  On April 1, 2019, the trial court granted a second ex parte temporary protective order.  Appellant filed a motion and an amended motion to vacate the ex parte temporary protective orders, which were denied.

On May 14, 2019, the trial court conducted an evidentiary hearing on the application.[3]  Both appellee and appellant were present for the hearing.  Following the hearing, the trial court found that appellant had engaged in stalking, harassment, and sexual assault against appellee and that a protective order was necessary to avoid future family violence.  Consequently, the trial court issued a protective order which set forth several conditions, including prohibiting appellant from committing family violence against appellee and her unborn child or communicating with or contacting appellee.  The duration of the protective order is for appellee's lifetime.

Appellant timely filed this appeal.

## II.  ANALYSIS

Appellant raises four issues on appeal.  In his first issue, appellant raises a multitude of claims; however, we interpret his central issue to be that he was denied service of notice of the application for protective order in violation of his

---

[1]  *See* Tex. Fam. Code § 81.001 ("A court shall render a protective order . . . if the court finds that family violence has occurred and is likely to occur in the future.").

[2]  *See* Tex. Fam. Code § 83.001(a) (authorizing temporary ex parte protective order if court finds "that there is a clear and present danger of family violence . . . without further notice to the individual alleged to have committed family violence and without a hearing").

[3]  A court reporter made a record of the hearing, but the court reporter's record has not been filed in this appeal.  The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court.  *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 482–83 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

due process rights due to the fraud of appellee, prosecutors, constables, the trial judge, the trial judge's staff, and others. Appellant contends that since he was not served with notice of the application for protective order, the trial court "lost statutory procedural jurisdiction" and, therefore, the final protective order issued on May 14, 2019, is "null and void" for "lack of jurisdiction and/or due process rights deprivation."

In his second, third, and fourth issues, appellant lodges complaints regarding the temporary ex parte orders issued on "03/13/2019 and 04/01/2019."[4]

## A. SERVICE OF NOTICE OF THE APPLICATION FOR PROTECTIVE ORDER

Although appellant did attend the hearing on May 14, 2019, and filed a signed notice of appearance, he argues that he was not properly served with notice of the protective order hearing.

### 1. STANDARD OF REVIEW

Whether service complies with the governing rules is a question of law, which we review de novo. *See Martell v. Tex. Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

### 2. GOVERNING LAW

When issuance of a protective order is sought under Chapter 85 of the Family Code, the notice requirements of Chapter 82 apply. The clerk of the court must issue a notice that an application for a protective order has been filed. Tex. Fam. Code § 82.042(a). "Each respondent to an application for protective order is entitled to service of notice of an application for protective order." *Id*. at

---

[4] In his brief, appellant challenges the ex parte temporary protective orders granted by the trial court on "03/13/2019 and 04/01/2019." The record does not show a copy of the signed order was filed as part of this appeal; the trial court's docket sheet, made part of the appellate record, shows the first ex parte temporary order was filed on March 11 and signed by the trial court on March 13, 2019.

§ 82.043(a). The notice informs the respondent, among other things, that if he does not attend the hearing a protective order may be issued against him. *See id.* at § 82.041(b). The notice "must be served in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized." *Id*. at § 82.043(c). The methods of citation, other than by publication, are by delivery, by registered or certified mail, or (if those methods have been unsuccessful) by another method authorized by the court. *See* Tex. R. Civ. P. 106. If a respondent is served within 48 hours before the time set for the hearing, and makes a request for a continuance, the respondent is entitled to have the hearing rescheduled. *See* Tex. Fam. Code § 84.004.

### 3. APPLICATION

Appellant argues that the record contains no evidence that he received service of notice of appellee's application for protective order. We agree, however, the record before us does not raise due process concerns for several reasons. As an initial matter, appellant entered a notice of appearance on May 14, 2019, and represented himself at the contested hearing on May 14, 2019. Any defect in service was cured by that appearance. *See* Tex. R. Civ. P. 120; *see also Baker v. Monsanto*, 111 S.W.3d 158, 161 (Tex. 2003).

Further, appellant did not file a written motion for continuance of the May 14, 2019, hearing under section 84.004 of the Family Code. *See* Tex. Fam. Code § 84.004(a); *see also Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2006, no pet.). Absent a written motion for continuance of the hearing, there is no preservation of error. *See Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (determining oral request for

continuance fails to comply with Rule 251 of the Texas Rules of Civil Procedure and does not preserve error);[5] *see also* Tex. R. App. P. 33.1(a)(1)(B).

Finally, appellant's failure to provide us with the reporter's record for the hearing on May 14, 2019, forecloses the issue as there is other evidence from which we presume that the trial court correctly concluded that appellant had been properly served with notice of the hearing. In the absence of a record containing the relevant evidence considered by the trial court in making its ruling, "[w]e indulge every presumption in favor of the trial court's findings." *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Davis*, 582 S.W.3d at 482–83. The underlying protective order was issued by the 280th Judicial District Court, the protective-order court for Harris County.[6] Absent evidence to the contrary, we indulge every presumption in favor of its regularity. *See Valdez v. State*, 826 S.W.2d 778, 783 (Tex. App.—Houston [14th Dist.] 1992, no writ) (absent evidence to the contrary, appellate courts must indulge every presumption in favor of the regularity of a formal judgment and documents in the lower court).

The protective order itself contains recitations from which the trial court could have reasonably inferred appellant was served with notice. The protective order recites that "Respondent, ERNEST ADIMORA-NWEKE, JR., having been duly and properly cited, and after having been duly and properly served with the application and notice of the hearing: appeared in person . . . ." Additionally, the

---

[5]    Under Rule 251, a party moving for a continuance must show sufficient cause supported by affidavit, consent of the parties, or by operation of law. Tex. R. Civ. P. 251. If a motion for continuance does not satisfy the requirements of Rule 251, it is presumed that the trial court did not abuse its discretion in denying the motion. *See Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no pet.).

[6]    *See In re Keck*, 329 S.W.3d 658, 660 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (explaining that the 280th District Court was designated the Domestic Violence Court for Harris County and is the proper court for filing applications for protective orders under the Texas Family Code (citing Tex. Gov't Code § 24.112(h))).

protective order recites that the trial court, in considering appellee's application for protective order, found "that all necessary prerequisites of the law have been satisfied and that this Court has jurisdiction over the parties and subject matter of this case." A recital in a protective order that the court had jurisdiction over the parties is evidence the protective order was issued after notice and hearing as required by the Family Code. *See Dillard v. State*, No. 05–00–01745–CR, 2002 WL 31845796, at *3, 5 (Tex. App.—Dallas Dec. 20, 2002, no pet.) (not designated for publication). Thus, proof that appellant was served with the application and notice of hearing was satisfied by the recital in the protective order that the court had jurisdiction and that all prerequisites of law had been satisfied.

We overrule appellant's first issue.

### 4. NEW EVIDENCE

After the evidentiary hearing at which the trial court issued its final protective order, appellant filed a series of motions with the clerk's office requesting "supplementation" of the clerk's record with new evidence that was not presented in the trial court. Appellant attached over 700 pages of documents to these motions.

"If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." Tex. R. App. P. 34.5(c)(1). It is well settled, however, that "[w]e do not consider evidence that was not before the trial court at the time it made its ruling in the case." *Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Ameripath, Inc. v. Herbert*, 447 S.W. 3d 319, 345 (Tex. App.—Dallas 2014, pet. denied) (holding "will not consider documents that were not properly part of the trial court's record in this cause"); *see also In re E.W.*, No.

6

05–01–01463–CV, 2002 WL 1265541, at * 3 (Tex. App.—Dallas June 7, 2002, pet. denied) (not designated for publication) ("Nor does rule 34.5(c) permit the clerk's record in an appeal to be supplemented unless it is clear that the item to be considered was on file when the trial court rendered judgment."). Stated differently, our review is confined to the record of the trial court when the trial court acted. *See, e.g., Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 52 n.7 (Tex. 1998).

Here, there is no indication that the voluminous records submitted by appellant were provided to the trial court in the first instance to review either at the evidentiary hearing or prior to the trial court signing the final protective order. As such, these records are not properly before us and are excluded from our consideration on appeal. *See Fox v. Alberto*, 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding that appellate court may not consider documents that were not filed in trial court–and thus are not part of reporter's record or clerk's record–because appellate court "may not consider matters outside the appellate record").

We overrule appellant's first issue.

## B. REMAINING ISSUES

In issues two, three, and four, appellant challenges the trial court's issuance of two temporary ex parte orders on March 13, 2019 and April 1, 2019. The March 13, 2019, and April 1, 2019, temporary protective orders at issue, which had a duration of 20 days, have expired. Generally, expired orders are considered moot on appellate review. *James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.). Appellate courts lack jurisdiction to decide moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). As such, we do not have subject matter jurisdiction to resolve complaints

about temporary protective orders that, as here, have been superceded by a final protective order signed on May 14, 2019. *See Ford v. Harbour*, No. 14-07-00832, 2009 WL 679672, at *2 (Tex. App.—Houston [14th Dist.] Mar. 17, 2009, no pet.) (mem. op.); *accord Lancaster v. Lancaster*, No. 01-14-00845-CV, 2015 WL 9480098, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2015, no pet.) (mem. op.).

We overrule appellant's second, third, and fourth issues.

### III.   CONCLUSION

We affirm the trial court's order.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Justices Spain, Hassan, and Poissant.