

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00015-CV

———————————————

JESSE GARZA, Appellant

V.

KELSEY GARZA, Appellee

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-721832-22

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Jesse Garza attempts to appeal the family-violence protective order that the trial court rendered against him under Sections 81.001 and 85.001 of the Family Code. *See* Tex. Fam. Code Ann. §§ 81.001, 85.001.

Section 81.009 governs an appeal from a protective order rendered under Sections 81.001 and 85.001. *Id.* §§ 81.001, 81.009, 85.001. Under Section 81.009, a protective order is immediately appealable unless it was rendered against (1) a party in a suit for dissolution of marriage or (2) a party in a suit affecting the parent–child relationship. *Id.* § 81.009; *see Watts v. Adviento*, No. 02-17-00424-CV, 2019 WL 1388534, at *2 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (per curiam) (mem. op.); *In re Keck*, 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "If either of those exceptions applies, then appeal of the protective order must await issuance of a final, appealable order in the underlying case." *Watts*, 2019 WL 1388534, at *2. Here, the protective order was rendered against a party in a suit for dissolution of marriage.[1] *See Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso, 1997, no writ) (per curiam) ("[A] protective order granted while a divorce action is pending between the same parties is not a final judgment.").

---

[1]After we reviewed the trial court's docket sheet, it was apparent that the protective order was originally filed in a cause number separate from the underlying divorce proceeding but in the same trial court. Appellee Kelsey Garza subsequently filed a motion to consolidate the two actions. The trial court granted the motion and consolidated the protective order into the pending divorce proceeding.

We informed Appellant that we were concerned that this court may not have jurisdiction over this appeal because the protective order did not appear to be a final judgment or an appealable interlocutory order. *See* Tex. Fam. Code Ann. § 81.009(b). We warned Appellant that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We received a response from Appellant in which he cited *Winsett v. Edgar* and argued that, as shown by the protective order, the order "is in fact" a final judgment fully disposing of all parties and issues. *See Winsett v. Edgar*, 22 S.W.3d 509, 510 (Tex. App.—Fort Worth 1999, no pet.) (per curiam) (permitting appeal of post-divorce protective order). But in *Winsett*, the record showed that the parties' divorce was final before the trial court rendered the protective order. *Id.* Here, unlike in *Winsett*, the record shows that this is not a post-divorce protective order and that the underlying divorce proceeding remains pending, so the order is not final or appealable.[2]

---

[2]While Appellant's response does not expressly address the separate cause numbers initially before the trial court, we note that the record shows the protective order was consolidated into the underlying divorce proceeding. *See Ruiz*, 946 S.W.2d at 124 (holding protective order was not appealable when the order—issued after the petition for divorce was filed—was consolidated with the parties' divorce action). Moreover, our sister courts of appeals have determined that protective orders rendered during the pendency of a divorce proceeding are not appealable interlocutory orders regardless of whether the two actions have been consolidated. *See Escobar v. Escobar*, No. 08-03-00348-CV, 2004 WL 759265, at *1 (Tex. App.—El Paso Apr. 8, 2004, no pet.) (mem. op.) (holding protective order rendered during pendency of divorce action between the same parties is not a final judgment); *In re K.S.L.-C.*, 109 S.W.3d 577, 579 (Tex. App.—Tyler 2003, no pet.) (noting that the protective order

Appellant's response fails to show grounds for continuing the appeal.[3]

We have confirmed that the underlying divorce proceeding remains pending. Because there is no final judgment or appealable interlocutory order, we hold that we are without jurisdiction to review the protective order. We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: May 18, 2023

---

and the divorce action have not been consolidated and holding that the protective order is not a final appealable order); *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 282 (Tex. App.—Austin 2002, no pet.) (concluding that "the trial court has not *finally* disposed of all the issues and parties" when there is an associated divorce proceeding pending and that the distinction regarding consolidation "makes no difference in the analysis"); *cf.* Tex. Fam. Code Ann. § 85.065(c) (stating that either the original court rendering the protective order or the court to which the protective order is transferred has the power to modify the order).

[3]We also received a response from Appellee in which she agreed with this court that the protective order is not a final judgment or appealable interlocutory order because the parties' divorce remains open and pending.